## IN RE DAVIS' ESTATE.

(No. 2,675.)

(Submitted October 6, 1909.   Decided October 23, 1909.)

· [104 Pac. 521.]

*Executors and Administrators—Attorneys' Fees—Allowance— Review—Discretion.*

Executors and Administrators—Allowance of Attorneys' Fees—Discretion.
   1.   Where the record on appeal from an order allowing the sum of $3,000 to an administrator for attorneys' fees, on a claim for $21,500, did not contain any testimony as to what the legal services were reasonably worth, the action of the district court cannot be said to have been in abuse of its discretion. .

Same—Attorneys' Fees—Apportionment of Amounts Allowed.
   2.   Where the sole question before the district court was what reasonable amount should be allowed to an administrator for attorneys' fees rendered to the estate represented by him, the court was not required to apportion the amount awarded among the different attorneys who performed the services.

*Appeal from District Court, Silver Bow County; Geo. M. Bourquin, Judge.*

JUDICIAL SETTLEMENT of the estate of Andrew J. Davis, deceased.   From an order allowing the administrator with the will annexed $3,000 as reasonable disbursement for attorneys' fees, the administrator appeals; and from an order overruling objections to the administrator's account, as amended, the objectors appeal.   Order affirmed.   Objector's appeal dismissed.

Cause submitted on briefs of counsel.

*Messrs. Mattison, Cavanaugh & Poor,* for Appellant, John H. Leyson, Administrator.

*Messrs. Clayberg & Horsky,* and *Messrs. Gunn & Rasch,* for Respondents.

MR. JUSTICE SMITH delivered the opinion of the court.

The only question involved in this appeal is whether the district court of Silver Bow county abused its discretion in allowing the administrator, with the will annexed, of the estate of A. J. Davis, deceased, the sum of but $3,000 as a proper and reasonable disbursement for attorneys' fees. There were filed with the administrator two claims, viz., one of $12,500 for legal services of Messrs. Forbis & Mattison from May 1, 1901, to November 1, 1904, at the rate of $5,000 per year, and another of Charles Mattison, Esq., of $9,000 for services from November, 1904, to November, 1907, at the rate of $3,000 per year. The court allowed $3,000 for the entire period covered by the two claims. After Mr. Mattison had testified as to what services were performed by him and by the firm of Forbis & Mattison, the matter was submitted to the court to fix the reasonable value of such services. The court fixed $3,000 as aforesaid, and the administrator has appealed from that portion of the order settling his ninth annual account which fixes the amount of attorneys' fees to be allowed.

It is not for this court to say what, in its opinion, was the reasonable value of these services. Indeed, under the testimony, the court would be unable to do so, for the reason that there is in the record no testimony as to what the services were reasonably worth. If we should increase the sum allowed by the district court, it would simply be substituting an amount arbitrarily fixed by us for one determined upon by that court. The court below was peculiarly fitted to pass upon the question submitted to it. Nearly all of the services for which compensation was claimed were performed during the course of administration in that court, and the judge of that tribunal ought to have the best knowledge of the amount that should be allowed therefor out of the estate. Unless we can say that the court abused its discretion, we may not interfere with its judgment, and upon the record presented we cannot so decide.

It is suggested that the district court should have passed upon the merits of the respective claims, and should have apportioned

the amount awarded; but we find no error in this regard. The question presented did not arise between the claimants and the estate, but rather the sole question was what, in view of all the circumstances, was a reasonable amount to allow the administrator to pay out of the trust funds in his hands, for services rendered to him, by attorneys, in his representative capacity. The district court determined this question, and, as we cannot disturb that determination, the order appealed from is affirmed.

The record discloses an appeal, also, by those parties to this proceeding who filed objections to the administrator's account, from the order of the court approving the account, after fixing the amount of the attorneys' fees. This appeal has been abandoned and is dismissed. The administrator with the will annexed shall pay all costs of the appeals, save one-half of the clerk's fees in this court, which the objectors shall pay.

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE HOLLOWAY concur.