(October 11, 1922.)

HENRY OBERMEYER, Appellant, v. T. R. KENDALL, Respondent.

[209 Pac. 888.]

DISMISSAL OF APPEAL — APPLICATION OF COURT RULES — ORDERS OF TRIAL JUDGE FOR PREPARATION OF TRANSCRIPT—FAILURE OF COURT REPORTER TO FILE TRANSCRIPT IN TIME.

1.  The appellate court will not go behind an order made by the trial judge granting further time to the court reporter within which to prepare and lodge his transcript with the clerk of the district court, as regards the showing upon which such order is based.

2.  The failure of the court reporter to file his transcript with the clerk of the district court within the time allowed is not a jurisdictional matter and is not ground for the dismissal of the appeal.

3.  Under the provisions of Rule 26 as in force upon February 25, 1920, the failure to file a transcript upon appeal within the six months from the perfection of the appeal is not of itself ground for the dismissal of the appeal.

APPEAL from the District Court of the Seventh Judicial District, for Gem County.  Hon. Ed L. Bryan, Judge.

Publisher's Note.

Disposition of appeal, or motion for new trial, where without fault of appellant the record is lost or incomplete, see notes in 25 L. R. A., N. S., 860; L. R. A. 1915B, 353.

Action on contract. Judgment for defendant. Motion to dismiss appeal, *denied.*

Geo. C. Huebener, for Appellant.

A reporter's transcript prepared under C. S., sec. 6886, will not be stricken from the record on appeal because it was not prepared, lodged, served and settled within the time allowed, where appellant has obtained and served the proper order and paid the fees, and the delay is not due to any negligence on his part. (*Moody v. Crane,* 34 Ida. 103, 199 Pac. 652; *Fischer v. Davis,* 24 Ida. 216, 133 Pac. 910.)

A transcript on appeal filed in this court within sixty days after the settlement of the reporter's transcript of the testimony and within six months of the perfecting of the appeal is filed within the time prescribed by Rule 26 of this court. (*Stine Lumber Co. v. Hemenway,* 32 Ida. 153, 179 Pac. 505.)

M. I. Church, for Respondent.

Where appellants do not show that the failure of the reporter to lodge his transcript with the clerk of the court below within the time granted by the trial judge is without fault on their part, the trial judge should refuse to settle the same; and, even though settled by the trial judge, the transcript will upon motion be stricken from the record on appeal. (*Bergh v. Pennington,* 33 Ida. 198, 191 Pac. 204; *Moody v. Crane,* 34 Ida. 103, 199 Pac. 652.)

"Where a transcript on appeal has not been filed within the time limited by the rules, or an extension thereof, such appeal will, upon motion, be dismissed in the absence of a sufficient showing of diligence by the appellant." (*Iowa State Sav. Bank v. Twomey,* 31 Ida. 683, 175 Pac. 812; *Wolter v. Church,* 30 Ida. 427, 165 Pac. 521; *Worthman v. Shane,* 31 Ida. 433, 173 Pac. 750; *Stout v. Cunningham,* 29 Ida. 809, 162 Pac. 928; *Bohannon Dredging Co. v. England,* 30 Ida. 721, 168 Pac. 12; *Hansen v. Boise-Payette Lumber Co.,* 31 Ida. 600, 174 Pac. 703; *Blumauer-Frank Drug Co. v. First Nat. Bank of Weiser,* 35 Ida. 436, 206 Pac. 807.)

BUDGE, J.—Respondent has moved to dismiss the appeal in this case upon the following grounds, first, that the record shows that on December 24, 1921, the district judge made an order extending the time originally given the court reporter for the preparation, completion and lodgment of the transcript in this action to January 31, 1922, but the record fails to show good cause or any cause for such extension of time by affidavit or upon stipulation as provided in Rule 28 of this court; second, the reporter's transcript of the evidence was not prepared, completed and lodged with the clerk of the district court within the time or extension of time given by the district judge; and, third, for the reason that the transcript of the record was not filed in the supreme court within the time prescribed by Rule 26 of this court.

Since this appeal was taken under the rules of this court adopted December 27, 1919, and in effect February 25, 1920, the motion to dismiss will be governed by the rules then in force.

Rule 28, relied upon by appellant, has no application to orders granted by the trial court extending the time to the court reporter to prepare and lodge with the clerk of the trial court the reporter's transcript.

This court will not go behind the order made by the trial judge granting further time to the court reporter within which to prepare and lodge his transcript with the clerk of the district court, as regards the showing made. The failure of the court reporter to file his transcript with the clerk is not jurisdictional and is not ground for the dismissal of the appeal.

Neither is there any merit in the third ground urged by respondent, for the reason that the transcript on appeal was not settled by the trial judge until April 4, 1922, and the same was filed in this court on May 1, 1922, which was within the time provided by Rule 26, as follows:

" . . . . In all cases in which the record on appeal shall contain a reporter's transcript of the testimony, prepared under C. S., sec. 6886, the record on appeal must be served and filed in this court within 60 days after the settle-

ment of or refusal to settle the transcript by the trial court, . . . . ''

It is further urged that the appeal in this case should be dismissed for the reason that more than six months elapsed from the perfection of the appeal before the transcript was filed in this court, the notice of appeal and undertaking on appeal having been filed on October 12 and 14, 1921, respectively, and the transcript having been filed in this court on May 1, 1922.

Under Rule 26, then in force, we find the following provision:

''In no case shall a transcript on appeal be filed in this court more than six months after the perfecting of the appeal, except by order of the court or one of the justices thereof, upon a showing of due diligence.''

The failure to file the transcript within six months is no ground for dismissal of the appeal. In the absence, however, of a showing of due diligence, the failure to file the transcript within the time would constitute ground for striking the same, but we think even if a motion to strike were here, appellant's affidavit filed in opposition to the motion to dismiss the appeal would constitute a sufficient showing of due diligence.

From what has been said it follows that the motion to dismiss the appeal should be denied. It is so ordered.

McCarthy and Dunn, JJ., concur.