(May 29, 1923.)

## JOHN F. SCHMERSHALL, Respondent, v. S. FOSTER, Appellant.

[215 Pac. 979.]

DISMISSAL OF APPEAL—RULES OF COURT—WRITTEN INSTRUMENT—EVI-
DENCE—ORAL CONTEMPORANEOUS STATEMENTS.

1. Where a transcript on appeal is filed in this court within
sixty days after the reporter's transcript is settled and allowed,
and the appeal was perfected prior to February 25, 1921, the
appeal is not subject to dismissal because of failure to file the
transcript in time.

2. Where a written instrument does not appear to contain
all the terms of a contract, oral contemporaneous agreements not
covered by the writing are admissible.

APPEAL from the District Court of the Eleventh Judicial District, for Jerome County. Hon. H. F. Ensign, Judge.

Action to recover damages for breach of warranty of an automobile. From judgment for plaintiff, defendant appeals. *Affirmed.*

E. D. Reynolds, for Appellant.

Parol or extrinsic evidence is not admissible, to add to the terms of a written agreement of sale by engrafting thereon a warranty as to the thing sold. (*Madera Sugar Pine Co. v. Livermore,* 179 Cal. 116, 175 Pac. 456; *Kullman, Salz & Co. v. Sugar Apparatus Co.,* 153 Cal. 725, 96 Pac. 369; *Germain Fruit Co. v. J. K. Armsby Co.,* 153 Cal. 585, 96 Pac. 319; *J. I. Case Threshing Machine Co. v. Copran,* 32 Cal. App. 194, 162 Pac. 647.)

A purchaser cannot avail himself of a parol warranty where the contract of sale is in writing and contains no

Publisher's Note.
2. Admissibility of proof of oral agreement supplementing written contract, see notes in 2 Ann. Cas. 146; Ann. Cas. 1914A, 454.

warranty. (35 Cyc. 379 and cases cited; *United Iron Works v. Outer Harbor Dock Co.*, 168 Cal. 81, 141 Pac. 917; *Tyson v. Neill*, 8 Ida. 603, 70 Pac. 790.)

Where the writing excludes a warranty the provisions are binding. (*Leonard Seed Co. v. Crary Canning Co.*, 147 Wis. 166, Ann. Cas. 1912D, 1079 and note, 132 N. W. 902; *J. F. Hartin Commission Co. v. Pelt*, 76 Ark. 177, 88 S. W. 929; *Hardt v. Western Electric Co.*, 84 App. Div. 249, 82 N. Y. Supp. 835; *Dowagiac Mfg. Co. v. Mahon*, 13 N. D. 516, 101 N. W. 903; *Monroe v. Hickox Co.*, 144 Mich. 30, 107 N. W. 719; *F. H. Gilcrest Lumber Co. v. Wilson*, 84 Neb. 583, 121 N. W. 989; *Lynch v. Curfman*, 65 Minn. 170, 68 N. W. 5; *Tyson v. Neill, supra; Griswold v. Morrison*, 53 Cal. App. 93, 200 Pac. 62.)

A subsequent agreement not forming any part of an original contract, or supported by the original consideration thereof, or by any new consideration, is void. (6 R. C. L. 675, and cases cited; 13 C. J. 359 and cases cited.)

As a general rule, a past benefit which has formed the consideration of a prior legal obligation that has been enforced, or is still legally enforceable, will not constitute a consideration for a new and additional promise. (6 R. C. L. 676 and cases cited; 26 L. R. A., N. S., 523; 13 C. J. 359 and cases cited.)

W. A. Peters and Bothwell & Chapman, for Respondent.

Separate or collateral contracts may exist if not inconsistent in their terms. (23 R. C. L. 1392; *Wehnes v. Roberts*, 92 Neb. 696, Ann. Cas. 1914A, 452, 139 N. W. 212.)

"Parol evidence is admissible to show a verbal contemporaneous agreement on the face of which a written instrument was executed." (*Potter v. Grimm*, 248 Pa. St. 440, 94 Atl. 185, 12 A. L. R. 349; *Lock v. Murdock* (N. M.), 151 Pac. 298; *Barnes v. Hill City Lumber Co.*, 34 S. D. 158, 147 N. W. 775; *South Texas Mortgage Co. v. Coe* (Tex. Civ.), 166 S. W. 419; *Trout v. Norfolk & W. Ry. Co.*, 107 Va. 576, 59 S. E. 394, 17 L. R. A., N. S., 702; *Webber v.*

*Smith,* 24 Cal. App. 51, 140 Pac. 37; *Fudge v. Kelley,* 171 Iowa, 422, 152 N. W. 39; *Smith v. Hanson,* 93 Kan. 284, 144 Pac. 226; *Schlater Mercantile Co. v. Brinly-Hardy Co.,* 109 Miss. 300, 68 So. 444.)

"Parol evidence of the terms and conditions on which a negotiable instrument has been delivered to the payee and of the understanding between the parties is admissible." (*Watson v. Rice* (Tex. Civ.), 166 S. W. 106.)

"Parol evidence of a contract held admissible when not inconsistent with a written agreement." (*Ashby v. McNary* (Iowa), 134 N. W. 554; *Charles Mulbey Mfg. Co. v. McKinney,* 184 Ill. App. 476.)

"The rule prohibiting parol evidence varying or modifying a written agreement does not apply to a separate, independent or collateral undertaking." (*McCaskey Register Co. v. Hall,* 140 Iowa, 87, 117 N. W. 1124; *Roquemore v. Vulcan Iron Works Co.,* 151 Ala. 643, 44 So. 557.)


GIVENS, Commissioner.—Respondent moved to dismiss the appeal in this case because the transcript was not filed or served within the time allowed by Rule 26, and no extension of time had been secured under Rule 28 of this court, effective February 25, 1920. The appeal was perfected February 21, 1921, when the rules of February 25, 1920, were in effect, which gave the appellant sixty days after the settlement of the reporter's transcript within which to file the record on appeal. The reporter's transcript was settled and allowed February 13, 1922, and the transcript was filed in the supreme court March 10, 1922. The motion to dismiss is therefore denied. (*Obermeyer v. Kendall,* 36 Ida. 144, 209 Pac. 888.)

Appellant sold to respondent an automobile, part of the payment therefor being covered by a conditional sale contract or title retaining note, as follows:

"$600.00.                    Jerome, Idaho, March 8, 1918.

"On or before the 1st day of Oct. 1919, for value received, I, John F. Schmershall, the undersigned, promise to

pay to S. Foster, or order, the sum of Six Hundred no/100 Dollars, at the office of S. Foster, in Jerome, Idaho, together with interest thereon from date at the rate of 10 per cent per annum until maturity, together with interest at the rate of one per cent per month after maturity, both before and after judgment, until fully paid, together with a reasonable attorney's fee and all costs that may be incurred in action or proceeding instituted for the collection of this note or the enforcement of this contract.

"This contract note is given for the following described personal property, hereinafter called 'said property,' to-wit: One Chandler Touring Car, No. 37541, this day sold conditionally by S. Foster to the undersigned upon the following conditions:

"The express condition of this transaction is that the title or ownership of 'said property' does not pass from the said S. Foster until this note and interest shall have been paid in full, and the said S. Foster has full power to declare this note due and take possession of 'said property' when he deems himself insecure, even before the maturity of this note; and it is further agreed by the maker hereof, that they will not sell or dispose of 'said property' except on the written order of said S. Foster. In case said S. Foster shall take possession of the 'said property' he may at his pleasure sell the same at public or private sale without notice, and apply the proceeds on this note, or he may without sale endorse the value of 'said property' on the note, and I or either of us, agree to pay on this note the balance due thereon after such endorsement, as damages and rental for 'said property,' as to this debt we waive the right to exempt, or claim as exempt, any property, real or personal, we now own or may hereafter acquire, by virtue of any homestead, or exemption law, now in force or that may hereafter be enacted.

"The undersigned also agrees to pay the taxes assessed on 'said property' from the date of this agreement and in case of fire or any other cause in which 'said property' is

injured, the undersigned agrees to hold themselves responsible for the fulfillment of the contract.

"The purchaser declares there are no promises, representations or agreements either written or oral pertaining to this conditional sale which is not herein stated."

After the sale of the automobile and some use thereof by respondent, he sued appellant upon alleged contemporaneous oral promises and statements made with regard to the fitness and condition of the automobile, and to the effect that appellant would make good any defects appearing in the automobile. Respondent denied the oral representations. Trial was had, resulting in a verdict in favor of respondent for $186.35, the amount spent by him in making certain repairs necessitated by defects which respondent claimed existed in the car at the time of the sale. Appellant objected to the evidence of such oral promises and statements on the ground that it tended to vary the terms of a written contract, and that it was in conflict with the terms of the title retaining note above mentioned.

The law is well settled that where the parties reduce their full agreement, covering all of the terms and conditions of the contract to be entered into, to writing, contemporaneous or prior oral statements are not admissible if they tend to vary the written terms thereof. On the other hand, where the writing does not purport, and was not intended by the parties, to be a complete recital of the terms and conditions of the transaction, oral contemporaneous agreements covering points not mentioned in such written contract and apparently not intended to be covered therein may be shown, as they do not vary the contents of the instrument. (23 R. C. L. 1392; 35 Cyc. 629; 22 C. J. 1257; *Sorenson v. Webb, ante,* p. 13, 214 Pac. 749.)

The clause in the note to be construed in the instant action is:

"The purchaser declares there are no promises, representations or agreements either written or oral pertaining to this conditional sale which is not herein stated."

The extraneous promises excluded, it will be noticed, are those pertaining to the conditional sale only, and not to the property which is the subject of the sale. The only reference to the property sold contained within the note is "One Chandler Touring Car No. 37541, this day sold conditionally by S. Foster to the undersigned upon the following conditions." The conditions thereafter contained in the instrument pertain not to a description of the property, or any statement with regard to its condition, or guarantees or promises made in regard thereto by the seller. The only conditions mentioned are with regard to the payment of the note, and certain things which the buyer agrees to perform by way of paying taxes on the automobile and keeping it insured.

It is apparent from a reading of this instrument that the parties did not intend in this note to cover all of the terms and conditions of the contract, but that this note merely covered the terms and conditions of payment. (*Gale Sulky Harrow Mfg. Co. v. Stark,* 45 Kan. 606, 23 Am. St. 739, 26 Pac. 8; *Armsby v. Hydraulic Auto Exch. Inc.,* 188 N. Y. Supp. 483.) The subject matter of appellant's promise to make good any defect in the automobile was not covered in the note, nor is there anything in the written instrument to indicate that it was intended to be covered therein. There was a sharp conflict in the evidence as to whether or not these representations were made, and as to the condition of the car. There was evidence to sustain the respondent's contention, and the jury having passed upon that point, their verdict will not be disturbed.

This point is the basis of all of the assignments of error urged by appellant. The judgment of the trial court should therefore be affirmed.

Budge, C. J., and McCarthy and Wm. E. Lee, JJ., concur.

PER CURIAM.—The above and foregoing opinion has been examined and is hereby adopted in whole as the opinion of the court. Costs are awarded to respondent.