(November 3, 1923.)

In the Matter of the Estate of WILLIAM PETERSON, Deceased. HAROLD FUNCH et al., Appellants, v. MABEL E. McCLAIN, Administratrix, Respondent.

[220 Pac. 1086.]

EXECUTORS AND ADMINISTRATORS—ATTORNEY'S FEE—SERVICES TO ESTATE—CLAIM OF ADMINISTRATRIX—SALE OF REAL ESTATE—ORDER TO SHOW CAUSE—PUBLICATION FEE.

1. An executor or administrator may be allowed a reasonable attorney's fee in the settlement of the estate of a deceased person, on a proper showing that the services of the attorney were actually rendered on behalf of the estate and that they constituted one of the "necessary expenses in the care, management and settlement of the estate." No such fee may be allowed out of the estate for any service rendered on behalf of such officer in establishing or attempting to establish his personal claim against the estate.

2. A fee for publishing an order to show cause why real estate belonging to the estate of a deceased person should not be sold is a proper charge against such estate even though on the hearing the probate court should refuse to order the sale, provided the order of sale has not been applied for in bad faith.

APPEAL from the District Court of the Sixth Judicial District, for Lemhi County. Hon. Ralph W. Adair, Judge.

Action by heirs contesting account of administratrix. Judgment for defendant. *Reversed* and *remanded.*

John H. Padgham, Richards & Haga and Chas. H. Darling, for Appellants.

Credit should not be allowed for attorney's fees claimed to have been incurred in the administration of the estate where they have not been actually paid by the person making the account. (*In re Woods,* 55 Misc. Rep. 181, 106 N. Y. Supp. 471; *In re O'Brien's Estate,* 5 Misc. Rep. 136, 25 N. Y. Supp. 705; *Matter of Van Nostrand,* 3 Misc. Rep. 393, 24 N. Y. Supp. 850; *Matter of Bailey,* 47 Hun (N. Y.), 477; *Matter of Spooner,* 86 Hun, 9, 33 N. Y. Supp. 136.)

An administratrix cannot be allowed attorney's fees for services rendered in defense of her own personal interests. (*Harris v. Coates,* 8 Ida. 491, 69 Pac. 475; *Weir v. Weir,* 28 Ohio C. C. 199; *Kenyon v. Kenyon,* 31 R. I. 270, 76 Atl. 798; *In re Lotzgesell's Estate,* 62 Wash. 352, 113 Pac. 1105; *In re Hite's Estate,* 155 Cal. 448, 101 Pac. 448; *In re Higgins' Estate,* 158 Cal. 355, 111 Pac. 8.)

Before the court can make any allowance from the estate for an attorney's fees, the administrator must satisfy the court that it was necessary to employ an attorney, and that the fee is reasonable and a necessary expense in the care and management of the estate. (*Firebaugh v. Burbank,* 121 Cal. 186, 53 Pac. 560.)

E. W. Whitcomb, for Respondent.

C. S., sec. 7688, in the absence of other legislation, is amply sufficient to provide for the allowance of a reasonable attorney's fee to the administrator. (*In re Graham's Estate,* 187 Cal. 222, 18 A. L. R. 631, 201 Pac. 456; 11 Cal. Jur., Executors and Administrators, sec. 776, note 15; sec. 780, note 5; sec. 783, note 17; sec. 784, notes 5 and 6; *In re Goodrich Estate,* 6 Cal. App. 730, 93 Pac. 121.)

Every state in the Union allows reasonable attorney's fees to an administrator unless prohibited by positive enactment of the legislature. (11 R. C. L., p. 233; 2 Supp. R. C. L., p. 1225, sec. 261; 24 C. J. 97, sec. 530; 93 Am. Dec. 393, note; 52 Am. St. 122, note; Ann. Cas. 1917B, 217, note.)

Where litigation becomes necessary during the administration of an estate, the personal representative is entitled to reasonable attorney's fees necessarily expended in conducting it. (*Williamson v. Mason,* 23 Ala. 488; *Satterwhite v. Littlefield,* 13 Smedes & M. (Miss.) 302; *Noel v. Harvey,* 29 Miss. 72; *Dey v. Codman,* 39 N. J. Eq. 258; *St. John v. McKee,* 2 Dem. Sur. (N. Y.) 336; *Willson v. Willson,* 2 Dem. Sur. (N. Y.) 462; *Wilson's Appeal,* 41 Pa. St. 94; *Bryson v. Nickols,* 2 Hill Ch. 113; *Trammel v. Philleo,* 33 Tex. 395; 24 C. J. 103 (sec. 541).)

The administrator is entitled to be allowed attorney fees, even if such litigation is unsuccessful, if carried on in good faith. (24 C. J. 99, note 19, and cases cited; *Holmes v. Holmes,* 28 Vt. 765; *Holman v. Sims,* 39 Ala. 709; *Clapp v. Coble,* 1 Dev. & B. Eq. (N. C.) 177.)

The administratrix is entitled to be allowed a reasonable sum on account of attorney's fees incurred by her on the appeal to the district court and the appeal to this court. (*In re Moore's Estate,* 96 Cal. 522, 31 Pac. 584; *In re Riviere's Estate.* 8 Cal. App. 773, 98 Pac. 46.)

Under the provisions of our statute, attorney's fees do not have to be actually paid by the administrator before being allowed by the court. (C. S., sec. 7690; *In re Kasson's Estate,* 119 Cal. 489, 51 Pac. 706; *In re Dudley's Estate,* 123 Cal. 256, 55 Pac. 897; *In re Davis' Estate,* 39 Mont. 433, 104 Pac. 521; *In re Riviere's Estate, supra; Johns v. Sharpe,* 148 Ala. 655, 41 So. 635; 11 Cal. Jur., Executors and Administrators, sec. 784, note 8.)

DUNN, J.—This is an appeal from that part of the judgment of the district court of Lemhi county allowing respondent $500 as reasonable attorney's fees, and also the

sum of $14.05 for the publication of a certain notice in the "Salmon Herald," both of said sums to be paid out of the estate of said deceased.

Respondent moved to dismiss the appeal in this case upon the following grounds: First, that the transcript was not filed in this court within ninety days after perfecting the appeal; second, that the reporter's transcript was not prepared and filed in the district court within the time specified in the order of the district judge; third, that appellant had negligently failed to serve and file brief on appeal within the time required by the rules of this court; and fourth, that the transcript on appeal was not properly certified.

An examination of the record shows that the appeal was taken at a time when the rules of this court required the transcript to be filed within sixty days after the settlement of the reporter's transcript, and that the transcript in this case was filed within that time.

Failure to file the reporter's transcript within the time fixed by the order of the district judge is not ground for dismissing the appeal. (*Obermeyer v. Kendall*, 36 Ida. 144, 209 Pac. 888.)

The other reasons urged by respondent are not grounds for dismissing the appeal. The motion is therefore denied.

There was also a motion to strike the affidavit of John H. Padgham and a motion to strike the brief of appellant, both of which motions are denied.

The administratrix seems to have lived for many years in the household of the deceased, and in her petition for letters of administration she claimed there were no known heirs at law of said deceased, and asked appointment as administratrix on the ground that she was a creditor of the estate. After her appointment there came into her hands about $8,000 in money, the remainder of the said estate being real property, and the aggregate amount of said estate being approximately $17,000. After paying about $3,000 on claims against the estate, and filing her own claim for $15,000 for services rendered to deceased, she petitioned for an order to sell the real estate on the ground that such

sale was required in order to provide funds to discharge the claims against the estate. Objections to the sale were filed on behalf of persons claiming to be the heirs of the deceased, and upon the hearing of the petition it was by the court denied.

A petition was later filed on behalf of certain persons claiming to be heirs of the deceased, asking that said administratrix be required to file an account showing the amount of money received and expended by her, as well as a list of claims presented against said estate and allowed by her, with the names of the claimants, and all matters necessary to show the condition of the said estate, and that after such account be filed and settlement thereof made, the letters of said administratrix be revoked and some suitable person appointed to administer the estate.

Upon the hearing of the account of the administratrix and the petition for her removal, the court entered an order rejecting the claim of $750 for attorney's fees, and also the claim of $14.05 for publication of notice. From this order the administratrix appealed to the district court on questions of both law and fact.

The case was tried anew in the district court of Lemhi county before the former district judge and taken under advisement. Before the case was decided the district judge resigned, and on July 14, 1921, the parties, by their respective counsel, entered into the following stipulation:

"It is stipulated by and between the parties hereto, that the court take this case under advisement upon the evidence introduced at the October, 1920, term, and upon this hearing, that the court shall consider in evidence all of the files in the probate court of Lemhi county, Idaho, in the matter of William Peterson, up to the time that the order herein made appealed from was made; the court shall also consider the evidence of the witnesses introduced at the October term, to wit: L. E. Glennon, E. H. Casterlin, George W. Cronkrite, and upon the evidence so introduced, this court shall decide the case in vacation as of this term."

The case was thereafter decided by the present district judge and judgment entered allowing the administratrix an attorney's fee of $500 instead of $750, and approving the allowance of said sum of $14.05 for the publication in the "Salmon Herald."

An appeal was taken from this decision of the district court, and appellant assigns as error, first, the allowance of said attorney's fee; second, the allowance of said sum of $14.05 for publication, and third, the rendering and entering of judgment allowing said sums because such allowances are contrary to the law and unsupported by the evidence.

It is urged by appellant that since the probate court found that the sale of the real property was unnecessary the fee for publication of notice of order to show cause why such sale should not be made should not be charged to the estate. It is not shown that the administratrix acted in bad faith in attempting to sell the real property, and an adverse decision of the probate court upon her petition for the order to sell is not a sufficient reason for disallowing the charge for publishing the notice.

It is also urged by appellant that the probate court could not legally pass upon the amount claimed as an attorney's fee unless the administratrix had first paid the amount, and appellant cites some authorities supporting that view. We are inclined, however, to the view that before paying this fee the administratrix was entitled to have the judgment of the probate court as to the amount that could properly be allowed. This view is sustained by the following authorities, as well as by reason: *In re Dudley's Estate,* 123 Cal. 256, 55 Pac. 897, and cases cited therein; *In re Davis' Estate,* 39 Mont. 433, 104 Pac. 521; 11 Cal. Juris., Executors and Administrators, sec. 784, note 8.

When there is necessity that an executor or administrator, in the discharge of his official duties, shall have the services of an attorney, the fee therefor is a proper charge against the estate, under C. S., sec. 7688, but before the probate court fixes the amount to be allowed for such services the

executor or administrator must be required to show by competent evidence that the fee claimed is one of the "necessary expenses in the care, management and settlement of the estate." In order to show this there must be a full and complete disclosure of the extent, character and reasonable value of such services, from which the court may · determine the proper amount to be allowed. The same rule must be followed by the district court in passing upon this question on appeal. In no other way can a record be made that can be reviewed intelligently in this court.

On the trial anew before the district court all the files in the probate court were introduced in evidence, and certain oral testimony was taken. The decision in this case being made by a judge who did not see and hear the witnesses who testified, and a part of the evidence before him being documentary, we are in as favorable a situation to pass upon the sufficiency of the evidence as he was.

The record is very brief, and rather unsatisfactory, but it is clear that a part of the services for which this compensation is claimed was rendered in support of the claim of the administratrix against the estate, and that service certainly cannot be a proper charge to be paid by the estate of the deceased. Being unable to segregate the services for which the estate should pay and those for which the administratrix should be held personally liable, we can do nothing but reverse the judgment and remand the case, and it is so ordered, costs to appellant.

McCarthy and William A. Lee, JJ., concur.