(No. 7289. April 30, 1946.)

BERT HIGGINS, Plaintiff-Respondent, v. CHARLES BELSON and SAM S. SIEGEL, under the firm name and style of National Produce Company, Defendants-Appellants.

[168 P. (2d) 813.]

A. A. Merrill for appellants.

Ralph L. Albaugh and Errol H. Hillman for respondent.

BUDGE, J.—Throughout this opinion we shall refer to respondent as plaintiff, and appellants as defendants.

This action is one for the conversion of personal property. Plaintiff alleges in his complaint, among other things, that on or about October 15, 1944, he was the owner and entitled to the possession of 94,832.1 pounds of Idaho Russet potatoes, of the value of $1,918.19; that defendants being then in possession of said potatoes, plaintiff demanded that defendants return the same, which defendants refused to do, but unlawfully converted and disposed of said potatoes to their own use to plaintiff's damage in the amount above stated, for which he seeks judgment. The cause was tried to the court and jury, resulting in a judgment in favor of plaintiff in the amount of $1,872.50, plus costs. This appeal is from the judgment.

In their answer defendants deny that plaintiff was the owner of or entitled to the possession of the potatoes described in the complaint on October 15, 1944, or at any other time; deny that on or about October 15, 1944, defendants were in possession of potatoes belonging to plaintiff, or that plaintiff demanded the return of said property, and deny that they refused to return the same; deny they unlawfully converted and disposed of the potatoes to their own use, and deny that plaintiff had been damaged in the sum alleged in the complaint, or in any other amount.

Throughout the entire transcript, which is voluminous,

the evidence upon practically every material fact is conflicting. Briefly stated, the record discloses that on August 18, 1944, one Johnson, employed by defendants as a potato buyer, and acting for them, called upon plaintiff at the latter's farm for the purpose of purchasing a crop of potatoes then growing upon a particular seventeen acre tract of land. A memorandum agreement was entered into wherein plaintiff agreed to sell to defendants 90,000 pounds in all of U. S. No. 1 Russets at $1.40 per hundred, and U. S. No. 2 Russets at the market price when delivered; bags and trucks were to be furnished, and hauling done, at defendants' expense. $200.00 was paid upon the signing of the agreement. The potatoes were subsequently harvested and delivered, in substantially the amount as stipulated in the agreement, to defendants' warehouse at Bassett where they were stored, and plaintiff was thereafter paid the price agreed upon for No. 1 and No. 2 potatoes claimed by defendants to have been sorted from the potatoes delivered.

It is plaintiff's contention that at the time the memorandum agreement was signed defendants, acting by and through their agent, Johnson, entered into an oral contract with plaintiff wherein it was agreed that after the 1's and 2's had been segregated from the potatoes delivered, defendants would save and keep all potatoes remaining, store the same in defendants' warehouse, and keep them separate. As testified to by plaintiff, it was mutually agreed that the potatoes to be kept, stored and returned were "very good seed, and it ought to be kept." Plaintiff further testified that Johnson stated "we will keep it (seed) for you, and if you don't have a place to plant all of it we can sell it for you * * * I can handle that seed for you." The testimony of plaintiff in this respect is corroborated by the testimony of his son, Kenneth and, in all essential respects, by defendants' agent, Johnson.

Defendants strenuously contend that the agreement signed by Johnson and plaintiff contains the entire agreement entered into and, being reduced to writing, the court erred in the admission of oral evidence tending to add to, alter or change the terms of the written contract by prior or contemporaneous agreement or statements.

It will be observed the agreement signed by the

parties is silent as to seed or cull potatoes; that the agreement is limited to 1's and 2's to be segregated from all potatoes delivered. It may be further noted that the written agreement makes no reference to the storage or sale of said potatoes by defendants in the event plaintiff had no storage facilities, or did not require all of them for seed. In other words, the alleged prior or contemporaneous agreement with reference to the seed potatoes is a separate and distinct agreement from the one entered into in writing. Under such circumstances the court did not err in admitting testimony to establish the oral agreement made prior to or at the time the written agreement was signed.

The rule is, as stated in *Gibson v. De La Salle Institute* (Cal.), 152 P. (2d) 774 at 787:

"It is also said in *Buckner v. A. Leon & Co.*, 204 Cal. 225, 227, 267 P. 693, that it has long been the rule that when parties have not incorporated into an instrument all of the terms of their contract, evidence is admissible to prove the existence of a separate oral agreement as to any matter on which the document is silent and which is not inconsistent with its terms; * * * Also see *Sivers v. Sivers*, 97 Cal. 518, 521, 32 P. 571; *Greathouse v. Daleno*, 57 Cal. App. 187, 206 P. 1019; *Crawford v. France*, 219 Cal. 439, 443, 27 P. (2d) 645; *Stockburger v. Dolan*, 14 Cal. (2d) 313, 94 P. (2d) 33, 128 A.L.R. 83." *Schmershall v. Foster*, 37 Ida. 247, 215 P. 979; *Stone v. Spencer* (Okla.), 191 P. 197; *Garrett v. Ellison* (Utah), 72 P. (2d) 449.

The testimony of plaintiff's and defendants' witnesses is in direct conflict as to whether or not defendants returned to plaintiff any of the seed or cull potatoes. It therefore became a question of fact for the jury.

There is no conflict as to the amount of potatoes left after the 1's and 2's had been segregated, but there is serious conflict as to the value of the seed potatoes, which was a question of fact for the jury.

Where there is conflict in the evidence and there is sufficient proof, if uncontradicted, to sustain it, the judgment will not be disturbed. (*Clifford v. Lake*, 33 Ida. 77, 190 P. 174; *Neil v. Hyde*, 32 Ida. 576, 186 P. 710, and cases therein cited.)

■ There is no conflict of a substantial nature as to the value of the cull potatoes to be returned, there was a market for culls, but there was no market for seed potatoes. The court permitted plaintiff, and correctly so, in the absence of a market value, to establish the value of the seed potatoes converted by the introduction of evidence showing its actual value and what it, or similar property, sold for at a subsequent time in a bona fide transaction. (*Humphreys v. Minnesota Clay Co.* (Minn.), 103 N.W. 338; 15 Am. Jur., pp. 530-531, 534-535; 53 Am. Jur., pp. 885-886; 65 C.J., secs. 195, 198, pp. 109, 110.)

We have examined Instruction No. 11 complained of, given by the court, and have reached the conclusion that the giving of said instruction was not erroneous.

We have diligently studied the record, the briefs of counsel, the authorities cited therein, as well as many other authorities, and have reached the conclusion there is no reversible error in the record.

The judgment is affirmed. Costs to respondent.

Ailshie, C.J., and Givens, Holden and Miller, JJ., concur.