700 P.2d 96

**In the Matter of the ESTATE OF Adrian BERRIOCHOA.**

**Alan A. MARRIAGE, Appellant,**

v.

**Luis BERRIOCHOA, Mary Downes, Adeline Wheeler, and Ruby Jensen, Respondents.**

No. 15465.

Court of Appeals of Idaho.

April 29, 1985.

William R. Snyder, Boise, for appellant.

Perce Hall, of Hall & Friedly, Mountain Home, for respondents.

Before BAKES, Acting C.J., and BURNETT and TOWLES, Acting JJ., Special Panel.

BAKES, Acting Chief Judge.

Testator died after owning and operating a small bar in Mountain Home for some 40 years. Approximately two years prior, the appellant, a grandson, moved from Boise to Mountain Home to assist testator in the operation of the bar. After appellant's move, testator and appellant executed documents defining their business relationships and thereafter testator executed the will in question. The will states in part:

"FIFTH: In the event my grandson, Alan A. Marriage, is manager of Adrian's Club, Mountain Home, Idaho, at the time of my death, then I give, devise and

bequeath to him all liquor, beer and wine licenses used in connection with the operation of said Adrian's Club."

The bequest was challenged by respondents who alleged that the condition precedent was not satisfied, *i.e.*, that appellant Alan A. Marriage was not the manager at the time of death. After a trial, the magistrate court determined that "at the time of death of Adrian Berriochoa, Alan Marriage was not the manager of Adrian's Club ...." The decision was appealed to and affirmed by the district court.

 When interpreting a will, the intention of the testator must be given effect. *Allen v. Shea*, 105 Idaho 31, 665 P.2d 1041 (1983). If the language of the will is clear and unambiguous, the intentions of the testator are reflected in the document itself. If the language is ambiguous, the factfinder may resort to extrinsic evidence to resolve the ambiguity and find the intentions of the testator. Whether the document is ambiguous is a question of law. *Werry v. Phillips Petroleum Co.*, 97 Idaho 130, 134, 540 P.2d 792 (1975). If the intentions of the testator cannot be determined from the extrinsic evidence, the court may resort to rules of construction to interpret the document. *Cf. Sinclair Marketing, Inc. v. Siepert*, 107 Idaho 1000, 695 P.2d 385 (1985) (rule of contract construction to be applied only after the intentions of the parties cannot be found).

 Applying these rules to the present case, we find as a matter of law that the testamentary language "manager of Adrian's Club" is ambiguous. Nowhere in the will is the phrase defined. It may be that under some circumstances the phrase "manager" used in a legal document is clear, but in this case what constitutes the "manager" of this small town bar is unclear. What, if any, duties, responsibilities, hours, or pay did the testator attach to the meaning of "manager of Adrian's Club"? The testator's intentions on this issue can only be resolved by reviewing the extrinsic evidence including, but not limited to, circumstances surrounding the execution of the will and the other legal documents exe-cuted in close proximity of time. Once the factual issue of the testator's meaning attached to the phrase is determined, the factfinder must then determine whether appellant's circumstances fell within the meaning of "manager of Adrian's Club" at the time of testator's death.

 The trial court erred by failing to make any determination of what the testator intended by the phrase "manager of Adrian's Club." Further, the trial court's findings were infected by erroneous conclusions that appellant could not be the manager of Adrian's Club—and thus receive the liquor, beer and wine licenses—because it might interfere with the subsequent management or disposition of the real property which the will provided would be held in trust; it might give appellant an undue advantage over the administration of the trust; or it might give appellant the power to "bulldoze" the other devisees. These conclusions were erroneous, and they indicated that the magistrate's inquiry was misdirected, confusing appellant's authority to continue to operate the business as personal representative with his status as devisee under the fifth paragraph of the will.

The issue before the magistrate was whether appellant was the "manager" of the bar at the time of the decedent's death, not whether it was wise or prudent for appellant to receive the licenses. The testator, by the fifth paragraph in the will, had already decided that appellant should have the licenses if he was the "manager" at the time of decedent's death. The magistrate court should have directed its inquiry to the twin issues of what the testator meant by using the phrase "manager of Adrian's Club," and whether or not appellant was the "manager" at the time of the decedent's death.

The case is reversed and remanded with an order to vacate the findings of the magistrate court. The magistrate shall then review the evidence, consistent with this opinion, and enter new findings of fact, conclusions of law, and an appropriate judgment.

Appellant has claimed attorney fees under I.C. § 15–3–720. We have held that a personal representative who litigates his own personal interests or bequests is not entitled to attorney fees for such litigation from the estate under I.C. § 15–3–720. *See Eliasen v. Fitzgerald*, 105 Idaho 234, 668 P.2d 110 (1983); *In the Matter of the Estate of William Peterson*, 38 Idaho 195, 220 P. 1086 (1923); *Matter of Stephen's Estate*, 117 Ariz. 579, 574 P.2d 67 (App. 1978). Neither is appellant entitled to attorney fees from respondents pursuant to I.C. § 12–121 since this appeal was not defended frivolously, unreasonably, or without foundation. I.R.C.P. 54(e)(1).

Costs to appellant. No attorney fees allowed.

BURNETT and TOWLES, Acting JJ., concur.