[S. F. No. 2108.   Department Two.—September 13, 1902.]

## W. G. ARNOLD, Appellant, v. H. B. ARNOLD et al., Respondents.

PARTNERSHIP — DISSOLUTION — ASSIGNMENT AND CONVEYANCES — CONSIDERATION — PAROL EVIDENCE INADMISSIBLE TO DEFEAT INSTRUMENTS.—Where a partnership was dissolved by mutual consent, and one of the partners assigned all of his interest in the partnership business, in consideration of an acknowledged payment of one hundred dollars, and of the assignee assuming all the debts and liabilities, and agreeing to discharge and indemnify the assignor from all liabilities and losses, and to employ him at a monthly wage, and the assignor conveyed to the assignee all of his interest in the real property of the partnership,—parol evidence is not admissible, entirely to defeat the written contract and conveyances, by proof that there was no consideration therefor, and that there was a continuance of the partnership, and a trust of the assignee for the assignor.

ID.—CONFIDENTIAL RELATION OF PARTNERS—RIGHTS UPON DISSOLUTION.—As a general rule, the confidential relations of partners exist

only as to the current business of the partnership; and partners may deal with each other at arm's length in relation to the dissolution and transfer of assets thereupon from one to the other, subject to the qualification that each partner must deal fairly with his copartner, and not conceal matters within his own knowledge touching the business and property of the partnership.

ID.—IMPEACHING CONSIDERATION—PAROL EVIDENCE—RULE AND EXCEPTION.—The general rule that parol evidence is admissible to contradict the recital of consideration, and to show that the true consideration is other than that recited, is subject to the exception that the legal effect of the instrument cannot be varied nor defeated, nor can covenants be defeated by which rights are expressly vested by parol evidence.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. George H. Bahrs, Judge.

The facts are stated in the opinion of the court.

J. J. Burt, for Appellant.

The partners stand in a confidential relation to each other, and this extends through dissolution. (Civ. Code, secs. 2410-2411; *Richards* v. *Fraser,* 122 Cal. 456.) Where a grantee stands in a fiduciary relation to the grantor, and the conveyance is in fact without consideration, a constructive trust arises, which the grantor may enforce by action. (Civ. Code, sec. 2224; *Brison* v. *Brison,* 75 Cal. 525;[1] *Feeny* v. *Howard,* 79 Cal. 525;[2] *Broder* v. *Conklin,* 77 Cal. 330; *Adams* v. *Lombard,* 80 Cal. 426; *Brison* v. *Brison,* 90 Cal. 323; *Nordholt* v. *Nordholt,* 87 Cal. 552;[3] *Bowler* v. *Curler,* 21 Nev. 158;[4] *Golson* v. *Dunlop,* 73 Cal. 161; *Bayles* v. *Baxter,* 22 Cal. 575; *Lockwood* v. *Canfield,* 20 Cal. 126; *White* v. *Warren,* 120 Cal. 322.)

E. D. Knight, and J. A. Stephens, for Respondents.

While the recital in an instrument or deed of the amount or character of consideration inducing its execution may be disputed, for the purpose of showing that it has not been paid, in an action to recover it, or that it was greater or less than recited, want of consideration, or failure, or inadequacy of it, cannot be shown by parol to defeat the instrument according to its intents and purposes. It is no more competent to

[1] 7 Am. St. Rep. 189.                [3] 22 Am. St. Rep. 268.
[2] 12 Am. St. Rep. 162.               [4] 37 Am. St. Rep. 501.

vary the contract by parol as to consideration than it is to vary any other of its terms (*Coles* v. *Soulsby,* 21 Cal. 47; *Rhine* v. *Ellen,* 36 Cal. 362; *Peck* v. *Vandenberg,* 30 Cal. 23; *Looney* v. *Rankin,* 15 Or. 617, 621, 625-626; *McCoy* v. *Moss,* 5 Port. 88; *McCloskey* v. *McCormick,* 37 Ill. 68, 72; *Wilson* v. *Dean,* 74 N. Y. 531; *Eckles* v. *Carter,* 26 Ala. 563, 565, 567; *Diven* v. *Johnson,* 117 Ind. 512, 518-519; *MacLeod* v. *Skiles,* 81 Mo. 595;[1] *Blair* v. *Buttolph,* 72 Iowa, 33), or to raise a resulting trust, or any trust, in the grantor. (Phillips on Evidence, pp. 482-483; *McGehee* v. *Rump,* 37 Ala. 651-655; *Hutchins* v. *Hutchins,* 98 N. Y. 63, 64; *Eckles* v. *Carter,* 26 Ala. 563; *St. John* v. *Benedict,* 6 Johns. Ch. 111; Brown on Parol Evidence, p. 43 et seq.; 2 Wharton on Evidence, p. 1040; Code Civ. Proc., sec. 1962; *Dean* v. *Dean,* 6 Conn. 287-288.)

McFARLAND, J.—This is an appeal by plaintiff from a judgment in favor of defendants.

It is averred in the complaint that prior to and on July 10, 1896, plaintiff and the defendant H. B. Arnold were copartners carrying on a retail grocery business, and as copartners were owners of a stock of goods and groceries of a named value, and also, as such copartners, were owners of certain described pieces of real property, and also of certain shares in certain loan associations; that on said July 10th plaintiff was sick, and for the purpose of enabling the defendant H. B. Arnold to alone freely handle said business and property without the active concurrence of plaintiff, and for the use and benefit of the copartnership, plaintiff assigned, transferred, and conveyed by good and sufficient conveyances all of his interest in said business and property to said defendant. It is further averred that afterwards said defendant formed a corporation and turned over to it all the assets of said copartnership; and that prior to the commencement of this action said H. B. Arnold and said corporation, which is also made a defendant, refused, and still refuse, to recognize any interest of plaintiff in said business and property, and refuse to allow him to participate in the business, or to account, etc. The prayer is for a dissolution of the alleged partnership, and that the property and assets thereof, after

[1] 51 Am. Rep. 254.

the payment of the partnership debts, be divided between the parties according to their respective rights.

The defendants, by answers, deny all the material averments of the complaint, and particularly deny that there was any partnership as alleged in the complaint on July 10, 1896, or at any time after about June 1, 1896; and that at the last-named date the partnership was dissolved by mutual consent and acts of the parties, and plaintiff then, for good and valuable consideration, assigned, delivered, and conveyed to said defendant H. B. Arnold, for his own use and benefit, and not otherwise, all plaintiff's interest in said business and property. The court found the facts in accordance with the defendants' averments and rendered judgment accordingly.

There is no contention that the findings are not supported by the evidence; but the appellant contends that the court erred in sustaining respondents' objection to certain offered oral testimony of plaintiff, on the ground that its only purpose was to vary and defeat certain written instruments; and whether or not this ruling was correct is substantially the only question in the case.

When plaintiff was on the witness-stand, and was about to testify as to the transfers and conveyances referred to in the complaint, he was asked if they were in writing; and having answered that they were, defendants demanded the writings as the best evidence; whereupon plaintiff introduced in evidence the following written contract, which, instead of attempting to state its substance, we will give in full:—

"ASSIGNMENT OF PARTNERSHIP INTEREST IN COPARTNERSHIP PROPERTY.

"This indenture of two parts, made and concluded this the (1) first day of June, 1896—by and between W. G. Arnold party of the first part, and H. B. Arnold party of the second part, both parties of the city and county of San Francisco:

"Witnesseth, That, whereas, the said parties were heretofore copartners in the business conducted under the firm name and style of Arnold Brothers, grocers, at the corner of Valencia and Twenty-first streets in the city and county of San Francisco, state of California; which partnership was dissolved and determined on the said first day of June; and whereas, many debts, due and owing to said parties on account

of their said copartnership are still outstanding and debts due by the said firm are yet unpaid; and whereas, it is agreed that the said first party shall assign and release to the said second party all his interest in the stock in trade, goods, wares, and merchandise of every description, kind, and character belonging to the said firm, and in the debt now owing to said firm, and that the said second party shall assume all the debts and liabilities of the said firm, and shall discharge and indemnify said first party from all liabilities and losses arising from said partnership: Now, therefore, in pursuance of the said agreement, and in consideration of the return to said first party of certain papers evidence of debts due from him to said second party—the receipt of which papers is hereby acknowledged—and the payment of one hundred dollars, the receipt of which is hereby acknowledged, the said W. G. Arnold doth hereby fully and absolutely sell, assign, release, and set over to the said H. B. Arnold all his right, title, interest, and share in and to all stock in trade, goods, wares, and merchandise, fixtures and leaseholds, property and effects belonging to said firm or partnership, of whatever nature and wheresoever situated, including books, book accounts, and debts of any nature due the said partnership either upon book account, bond, bill, or note.

"It is further mutually agreed that said second party shall have all the benefit of the good will of said copartnership business and may continue to use the name of said first party in any way necessary to secure debts due said firm by suit at law or otherwise and upon the signs and billheads and business papers; and that said first party may, if he so desire, assist said second party in the future conduct of said business —and said second party agrees to pay said first party the monthly wage or sum of one hundred dollars for such assistance.

"In witness whereof, we have hereunto set our hands and seals this the first day of June, eighteen hundred and ninety-six.                                    "W. G. Arnold,
                                        "H. B. Arnold."

He also introduced in evidence two deeds, dated in the July following, by which plaintiff specifically conveyed to said defendant all plaintiff's interest in the real property belong-

ing to said copartnership, and also admitted that the deeds were made in furtherance of said contract.

After these instruments had been introduced in evidence, plaintiff was asked: "Now, state what, if any, was the consideration of these conveyances." To this question defendants objected as aforesaid. The court asked counsel for plaintiff what he expected to prove by the witness, and he replied that he expected to prove that "there was in fact no consideration whatever behind any of the conveyances or the transfer." The court sustained the objection.

The ruling of the court sustaining the objection was right. The contract was a written contract, made by and between both the parties, in which there were mutual interdependent covenants; and the offer of plaintiff by oral testimony to vary and entirely defeat the written contract was entirely within the rule that such a contract cannot be thus varied and overcome. No fraud, no undue influence, no mistake was averred or sought to be proved; but more than two years after the execution of the contract and deeds it was sought to fundamentally vary it by parol evidence, and to change it, by oral testimony, into something entirely different from what it clearly and expressly is on its face. This attempt is sought to be justified on the ground of the confidential relations of partners, and on the proposition that the real consideration of a deed or contract can usually be shown. As to the confidential relation of partners, the general rule is, that it exists only as to the current business of the partnership, and that when they come to contract with each other for a dissolution of the partnership they stand at arm's length. It may be conceded that this rule is subject to the qualification that in negotiations for a dissolution each partner must deal fairly with his copartners, and not conceal from them important matters within his own knowledge touching the business and property of the partnership; but in the case at bar there is no averment or pretense of such unfairness or of any suppression of knowledge by defendant.

As to the subject of consideration, the law is, that while the recitals of consideration in written instruments are not conclusive as to the amount or character or payment of the consideration, when these latter matters are the subject of litigation, evidence of want of consideration, or of a different

consideration, is not admissible for the purpose of varying, contradicting, and defeating covenants by which rights are expressly vested. This rule is well expressed in the opinion of the court in *Hendrick* v. *Crowley,* 31 Cal. 472, as follows: "There is no doubt but that parol evidence is admissible for the purpose of contradicting or showing that the true consideration is other and different from that expressed in the written instrument. But this is not a rule, but an exception to the rule, that the legal effect of a written instrument cannot be varied or defeated in whole or in part by parol evidence. The exception can never be allowed to override the rule, for that would be to dispense with the rule entirely and preserve only the exception. The exception always loses its governing force when it comes in conflict with the rule which it qualifies, and must yield to its higher claims. Hence the consideration cannot be contradicted or shown to be different from that expressed when thereby the legal operation of the instrument to pass the entire interest according to the purpose therein designated would be defeated." (See, also, *Coles* v. *Soulsby,* 21 Cal. 51; *McCrea* v. *Purmort,* 16 Wend. 465.[1]) The offer excluded in the case at bar was within the rule which forbids the introduction of oral testimony to vary, contradict, and defeat a written instrument, and not within the exceptions relied on by appellant. The wisdom of the principle which prevents parties from orally explaining away and defeating their solemn written contracts and conveyances is exemplified in this case. It does not appear that appellant, after the execution of the said written instruments, asserted any claim to the business and property which he had transferred and conveyed, until a long period of time had elapsed, within which the value of the business and property may have been materially enhanced by the exertions of the defendant H. B. Arnold and the corporation which afterwards took charge of it, or by new and more favorable conditions. The contention of appellant that there was a resulting trust to his benefit is covered by the views above expressed.

The judgment appealed from is affirmed.

Henshaw, J., and Temple, J., concurred.

[1] 30 Am. Dec. 103.