[Civ. No. 3673. Second Appellate District, Division One.—March 27, 1922.]

# H. B. GREATHOUSE, Respondent, v. FRED DALENO, Appellant.

[1] EVIDENCE—WRITTEN CONTRACT—COMPLETE TERMS—PAROL TESTIMONY.—While parol evidence may not be admitted to vary the terms of a written contract which is complete in all its terms, such evidence is admissible where it is entirely consistent with and in no way changes or contradicts the writing.

[2] CONTRACT—GRADING AND LEVELING OF LAND—REMOVAL OF TREES—ORAL AGREEMENT OF OWNER—JUSTIFICATION FOR NONCOMPLETION OF CONTRACT.—Where a written contract to level and grade a tract of land within a certain time contained no provision for the removal of a large number of trees situated upon the land and their removal was necessary in order to enable the contractor to complete his work, the oral contemporaneous agreement of the owner to remove the same was a valid agreement and the breach thereof a sufficient justification for the failure of the contractor to complete his contract within the time limited therein.

APPEAL from a judgment of the Superior Court of Tulare County. J. A. Allen, Judge. Affirmed.

The facts are stated in the opinion of the court.

Farnsworth, McClure & Burke and Dickson F. Maddox for Appellant.

Earl A. Bagby for Respondent.

CONREY, P. J.—On the twenty-fourth day of November, 1920, the plaintiff entered into a written contract with the defendant whereby the plaintiff agreed to level and grade a forty-acre tract of land owned by the defendant. The grade was to be such that water would flow thereon in certain specified directions. The plaintiff agreed to furnish at his own cost all labor, material, teams, machinery, appliances, and outfit for the work; to begin work not

1. Supplementing written contract by proof of collateral oral agreement, notes, 56 Am. St. Rep. 659; 2 Ann. Cas. 146; Ann. Cas. 1914A, 454.

later than ten days from the date of the contract, and to fully complete and finish the same not later than January 1, 1921. Upon failure of the contractor in any material or substantial respect to perform any covenant or agreement contained in the contract, it was stipulated that the owner might at his option terminate the agreement, and that in such event the contractor should have no claim for any work theretofore done by the contractor. It was further provided that time is of the essence of the agreement and of each covenant thereof.

This is an action by the contractor to recover damages for breach of the contract in the manner stated in the complaint. It is alleged in the complaint: ''That on the day of the execution of said agreement there was situated upon said land to be leveled and graded large numbers of oak and willow trees so situated as to prevent the proper leveling and grading of said lands, but which trees, the said defendant, at the time of the execution of said written agreement as a part of the consideration therefor and as an inducement unto plaintiff to enter into the same, agreed to immediately remove from the said land at his, the said defendant's own cost and expense; that the said defendant thereafter commenced to remove said trees from said land, but that said trees are not yet removed so as to permit the proper leveling and grading of said lands, but on the contrary, the defendant still keeps and maintains on said lands large numbers of trees, without the removal of which the plaintiff cannot complete his said agreement for the grading and leveling of said lands; that by the terms of said agreement said plaintiff agreed to fully finish and complete the said grading and leveling not later than January 1, 1921; that plaintiff has not so completed the said grading and leveling, but has in all respects complied with said contract so far as was possible and would have completed said leveling by said last mentioned date had he not been prevented from so doing by the said failure of the said defendant to remove said trees; that the defendant, as plaintiff is informed and believes, wilfully and intentionally failed to remove said trees so that said contract could not be completed by the plaintiff by or not later than January 1st, 1921; that the plaintiff has at all times been ready, willing and able to perform his

agreement aforesaid according to the tenor thereof.'' It is further alleged that on or about January 3, 1921, the defendant elected to terminate the contract because the same had not been fully performed, and gave notice thereof to the plaintiff. The complaint alleges: ''That by reason of such termination plaintiff has been damaged in the sum of $1800.00.''

A general demurrer to the complaint on the ground that it did not state facts sufficient to constitute a cause of action was presented by the defendant and overruled by the court. The defendant having answered, the case was tried before a jury.

The defendant appeals from a judgment entered against him in the sum of nine hundred dollars pursuant to the verdict rendered. The case is presented here on the judgment-roll, without a bill of exceptions.

Appellant contends that the complaint fails to state a cause of action because the only fact alleged in the complaint in justification of respondent's failure to perform his contract within the time limited by the contract is that appellant did not comply with a separate oral agreement to remove from the land trees which were an obstruction to the grading, and that, by such failure to remove the trees, appellant prevented respondent from completing the work; that such separate oral agreement, being inconsistent with the terms of the written contract, was incapable of proof and therefore could not constitute an excuse for plaintiff's failure to complete the work of leveling and grading in accordance with the terms of the written contract. As counsel for respondent does not dispute the proposition that the complaint as written intended to plead an oral contract for the removal of the trees, we shall herein assume that this is a correct construction of the complaint.

[1] The rules limiting the conditions under which oral evidence may be received other than the contents of the written instrument, where the terms of an agreement have been reduced to writing, are set forth in section 1625 of the Civil Code and sections 1856 and 1860 of the Code of Civil Procedure. It is admitted to be the general rule that where a contract in writing is complete in all its terms, parol evidence to vary those terms may not be admitted.

A well-understood concurrent rule is, that where the parol evidence which is offered is entirely consistent with and in no way changes or contradicts the written instrument, such parol evidence may be admitted. (*Harrison* v. *McCormick,* 89 Cal. 330 [23 Am. St. Rep. 469, 26 Pac. 830]; *Johnson* v. *Bibb Lumber Co.,* 140 Cal. 95 [73 Pac. 730].) "The rule that an agreement in writing supersedes all prior or contemporaneous oral negotiations or stipulations concerning its matter has no application to a collateral agreement upon which the instrument is silent, and which does not purport to affect the terms of the instrument." (*Whittier* v. *Home Sav. Bank,* 161 Cal. 311, 317 [119 Pac. 92, 95].)

[2] We are of the opinion that the oral agreement now under consideration is a contemporaneous agreement as to a matter upon which the writing is silent. The subject matter of the oral agreement is distinct from that to which the writing relates. The fact being shown that there were trees on the land so situated that they prevented the proper leveling and grading of the land, a condition was thereby established which made it impossible for the contractor to perform his work unless they were first removed. "Everything is deemed possible except that which is impossible in the nature of things." (Civ. Code, sec. 1597.) "Where a contract has but a single object, and such object is . . . wholly impossible of performance, . . . the entire contract is void." (Civ. Code, sec. 1598.) On the record as here presented, it is to be presumed that upon sufficient evidence the jury found that at the time when the written contract was made, there was upon the land a large number of trees so situated as to prevent the proper leveling and grading of the land, and that without their removal the plaintiff could not perform his agreement; in other words, that without the removal of the trees the due performance of the contract by respondent was in the nature of things not possible. But the contract did not bind respondent to remove those trees any more than it would have bound him to remove a house, if one had been there. A situation existed which made appropriate a separate agreement with the owner, not to pay the contractor any additional consideration, but to create on his property a condition which would make possible the performance of the contract as

written. In order to save the contract, another agreement became necessary to deal with the conditions as they existed.
The judgment is affirmed.

Shaw, J., and James, J., concurred.

᾿A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on May 25, 1922.

All the Justices concurred except Wilbur, J., who dissented.

Waste, J., was absent and Richards, J., *pro tem.*, was acting.