[L. A. No. 9182. In Bank.—September 25, 1926.]

RALPH R. THOROMAN, Respondent, v. JOHN DAVID, Appellant.

[1] CONTRACTS—SALE OF PROPERTY—ESCROW INSTRUCTIONS—CONSTRUCTION OF.—Where, upon the sale of property, the purchaser gave written instructions to a title company to pay certain money and deliver a trust deed to the seller when it could issue a certificate showing title to the property in the purchaser and his wife free from encumbrances, except certain specified matters; and as a part of the same transaction, and on the same date, the seller signed a document appended to and referring to the purchaser's instrument, stating that the conditions therein specified were approved and that the seller would hand to the title company a deed executed by himself in favor of the purchaser, which deed the title company was authorized to deliver to the purchaser upon payment of the specified amount of money, the instruments should be read together and when so read contained all the necessary elements of a contract in writing between the parties.

[2] ID.—WRITING—COMPLETION OF—QUESTION OF LAW.—The question whether a writing is upon its face a complete expression of the agreement of the parties is one of law for the court.

[3] ID.—COMPLETE CONTRACT — EVIDENCE — PAROL. — If a writing imports upon its face to be a complete expression of the whole agreement—that is, shows such language as imports a complete legal

1. See 25 Cal. Jur. 467.
3. See 10 Cal. Jur. 916; 10 R. C. L. 1016, 1030.

obligation—it is to be presumed that the parties have introduced into it every material item and term; and parol evidence cannot be admitted to add another term to the agreement, although the writing contains nothing whatever on the particular one to which the parol evidence is directed.

[4] ID.—ORAL CONTRACT—STATUTE OF FRAUDS—SECTION 1973, SUBDIVISION 4, CODE OF CIVIL PROCEDURE.—An oral contract for the sale of furniture of the value of $580 is invalid under section ʼ1973, subdivision 4, of the Code of Civil Procedure, where the purchaser received no part of the goods and parted with no consideration for the same.

[5] CLAIM AND DELIVERY — JUDGMENT — PLEADING. — In an action in claim and delivery, although a judgment for the defendant for the return of the property sued for would be unwarranted in law where the answer did not claim a return of the property, as contemplated by sections 627 and 667 of the Code of Civil Procedure, this point may not rightly be urged for an affirmance of a judgment in favor of the plaintiff to which under the facts he is not entitled.

---

(1) 13 C. J., p. 530, n. 66; 22 C. J., p. 1270, n. 66.    (2) 22 C. J., p. 1291, n. 61.    (3) 22 C. J., p. 1252, n. 33.    (4) 27 C. J., p. 231, n. 62.    (5) 4 C. J., p. 1195, n. 96; 34 Cyc., p. 1547, n. 14 New.

APPEAL from a judgment of the Superior Court of Los Angeles County. Frank C. Collier, Judge, *pro tem.* Reversed.

The facts are stated in the opinion of the court.

R. D. McLaughlin for Appellant.

Edgar K. Brown and L. B. George for Respondent.

SHENK, J.—In this action of claim and delivery the complaint alleges that on January 16, 1922, the defendant sold to plaintiff certain real property and all furniture on the premises. The defendant contends in his answer that the real property alone was sold to the plaintiff and that no furniture was included in the sale. The court found that the furniture was included in the sale and that the plaintiff paid for the same; that the plaintiff took possession of the premises on February 9, 1922, and that on the preceding

---

4. See 12 Cal. Jur. 875; 25 R. C. L. 606.

day, February 8, the defendant wrongfully took possession of the furniture and removed the same from the premises; that on and after January 16th the plaintiff was the owner and entitled to the possession of said personal property and that upon the filing of the complaint the plaintiff acquired possession of the same pursuant to the provisions of section 509 et seq. of the Code of Civil Procedure except a few miscellaneous articles valued at $50. Judgment was rendered against the defendant and in favor of the plaintiff for the possession of said few articles or for their value and costs. From this judgment the defendant appeals.

No objection is made to the form of the record which sets forth the papers constituting the ordinary judgment-roll and a "Statement of the Case." The latter will therefore be deemed equivalent to a bill of exceptions. The principal question for determination is whether the finding that the sale of the furniture was included in the sale of the real property is supported by the evidence.

On the said sixteenth day of January, 1922, the plaintiff addressed to, signed and presented to the Title Guarantee and Trust Company a document wherein it was stated among other things that the plaintiff would hand the company $1,500 which it was instructed to use provided it could issue within fifteen days a continuation of a certificate showing title to the real property to be vested in the defendant and his wife as joint tenants free of encumbrance except certain taxes and restrictions, reservations and rights of way of record; also subject to a trust deed for an unpaid balance of $879.20 and interest. The company was further directed to deliver to the defendant as part of the purchase price a trust deed executed by the plaintiff in favor of the defendant for $1,127.80, payable in monthly installments. The plaintiff further agreed to execute any instruments required to complete the transaction, and when completed all documents recorded for the plaintiff were to be forwarded to him. He agreed to pay for recording fees and revenue stamps and for showing title in himself and wife. As a part of the same transaction and on the same date the defendant signed a document appended to and referring to the foregoing written instrument and addressed to the same company, stating, among other things, that the conditions specified by the plaintiff were approved and that the defendant

would hand to the company a deed executed by himself, a single man, in favor of the plaintiff, which deed the company was authorized to deliver to plaintiff upon payment to the company for the defendant of the sum of $1,500 within the time specified by the defendant. The escrow was completed, the money and instruments required by the defendant were delivered to him, the instruments required by the plaintiff were also delivered and the latter went into possession of the real property. Prior to the time plaintiff took possession the defendant had removed the furniture therefrom and the plaintiff never acquired possession of the same except through process of court at the commencement of the action. It was stipulated at the trial "that no money whatever was paid by, and no part of the furniture was delivered to, the plaintiff, and no written memorandum was signed by the parties or either of them or by their agent or agents until they joined in the execution of said escrow instructions, and that nothing was paid and no other instruments were executed except the money agreed to be paid and the instruments agreed to be executed in the escrow instructions."

The foregoing written escrow instructions were offered in evidence prior to the offer of any oral testimony. Over the objection of the defendant the plaintiff offered and the court received oral evidence to prove that on the way to and at the office of the title company and prior to the signing of the escrow instructions the defendant stated that the furniture was to be included in the sale of the real property. Witnesses for the defendant denied that the defendant so stated. It is conceded by the defendant that if the said oral evidence was admissible the finding of the court to the effect that the furniture was included in the sale is supported. On the other hand, if said oral evidence was inadmissible the said finding is not supported.

[1] It is the contention of the plaintiff that the said escrow instructions did not constitute such a written contract as expressed the complete understanding of the parties and that the oral evidence was admissible to supplement the written expression of their understanding. It is the position of the defendant that the said agreement was complete and fully expressed the intention of the parties and that the admission of the oral evidence was in contravention of the well-established rule codified in sections 1625 and 1698 of the

Civil Code and in section 1856 of the Code of Civil Procedure, and as approved in such cases as *Harrison* v. *McCormick,* 89 Cal. 327 [23 Am. St. Rep. 469, 26 Pac. 830], *Benson* v. *Shotwell,* 103 Cal. 166 [37 Pac. 147], and *Heffner* v. *Gross,* 179 Cal. 738 [178 Pac. 860]. In the Harrison case the rule is thus stated: [2] "The question whether a writing is upon its face a complete expression of the agreement of the parties is one of law for the court, and the rule which governs the court in its determination has been well stated as follows: [3] 'If it imports upon its face to be a complete expression of the whole agreement,—that is, shows such language as imports a complete legal obligation,—it is to be presumed that the parties have introduced into it every material item and term; and parol evidence cannot be admitted to add another term to the agreement, although the writing contains nothing whatever on the particular one to which the parol evidence is directed.'" From an inspection of the writing and the facts set forth in the record before us we are convinced that the position of the defendant is well taken. The escrow instructions were signed on the same day, were a part of the same transaction, constituted one document, and should be read together. The entire consideration passing to the respective parties is expressed in the instrument and the defendant received nothing not called for therein. When so read and considered the instrument contains all the necessary elements of a contract and is to be regarded as a contract in writing between the parties. (*Neher* v. *Kauffman,* 197 Cal. 674 [242 Pac. 713]; *Tuso* v. *Green,* 68 Cal. Dec. 307.) As such it is circumscribed by the rule that excludes oral evidence to vary its terms, and as the facts do not bring the case within any exception mentioned in section 1856 of the Code of Civil Procedure, the testimony of the plaintiff that the furniture was included in the sale was inadmissible. In its absence there is no evidence in the record to support the finding and judgment.

[4] The defendant calls attention to the undisputed fact that the value of said furniture is $580, that the plaintiff's right thereto is predicated on an alleged oral contract for its purchase, and he urges with compelling force that such a contract under the facts here presented is invalid under section 1973, subdivision 4, of the Code of Civil Procedure. This must necessarily be true where it appears, as here, that

the plaintiff received no part of the goods and parted with no consideration for the same.

[5] The plaintiff contends that a judgment for the defendant would have been unwarranted in law for the reason that in his answer the defendant did not claim a return of the personal property as contemplated by sections 627 and 667 of the Code of Civil Procedure, citing *Pico* v. *Pico,* 56 Cal. 453, *Banning* v. *Marleau,* 101 Cal. 238 [35 Pac. 772], and *Lee* v. *De La Motte,* 47 Cal. App. 23 [189 Pac. 1034]. It may be assumed that under the authorities cited a judgment in favor of the defendant for the return of the property could not, in view of the deficiency in the present answer, be rendered, but the point may not rightly be urged for an affirmance of a judgment in favor of plaintiff to which under the facts he is not entitled. Upon a reversal of the judgment the defendant should be permitted to amend his answer so as to ask therein for a return of the property, as was pointed out in *Banning* v. *Marleau, supra.* No other points require discussion.

The judgment is reversed.

Richards, J., Seawell, J., Waste, C. J., and Curtis, J., concurred.

Rehearing denied.