[Sac. No. 4010. Department One.—May 24, 1928.]

A. B. BUCKNER, Respondent, v. A. LEON & COMPANY, Appellant,

John G. Covert and Donahue, Hynes & Hamlin for Appellant.

Clark Clement for Respondent.

PRESTON, J.—This is an appeal from judgment in favor of plaintiff in an action for damages because of failure of defendant buyer to accept full delivery under a written contract between the parties for the sale and purchase of green grapes.

Said contract provided that the grapes were to be delivered "f. o. b." a shipping point near plaintiff's vineyard. At the same time the parties also agreed orally, as alleged, proved, and found by the court, that defendant would furnish lug boxes for said grapes at plaintiff's ranch in accordance with the prevailing custom of the county where the transaction took place; and defendant did, in fact, furnish many such boxes, but not in sufficient numbers to permit of delivery of the total tonnage contracted for; hence plaintiff was obliged to make other disposition, at a loss, of the undelivered balance of said grapes for which no boxes were furnished. The trial court gave judgment in his favor for the contract price of said undelivered grapes, less the amount received by him from sale thereof, and certain costs. Defendant has appealed.

■ It has long been the rule that when parties have not incorporated into an instrument all of the terms of their contract evidence is admissible to prove the existence of a separate oral agreement as to any matter on which the document is silent and which is not inconsistent with its terms (*Sivers* v. *Sivers,* 97 Cal. 518, 521 [32 Pac. 571]; *Torrey* v. *Shea,* 29 Cal. App. 313, 317, 318 [155 Pac. 820]; *Greathouse* v. *Daleno,* 57 Cal. App. 187, 190 [206 Pac. 1019]; *Mitchell* v. *North Pacific etc. Co.,* 60 Cal. App. 554, 558 [213 Pac. 293]), and, likewise, "It is the general rule that when there is a known usage of the trade, persons carrying on that trade are deemed to have contracted in reference to the usage unless the contrary appears; that the usage forms a part of the contract, and that evidence of usage is always admissible to supply a deficiency or as a means of interpretation where it does not alter or vary the terms of the contract." (*Hind* v. *Oriental Products Co., Inc.,* 195 Cal. 655, 667 [235 Pac. 438]; see, also, cases therein cited and Civ. Code, secs. 1646, 1647, 1655, 1656.)

■ But it is appellant's contention that the contract was not silent on the matter here in question, but, on the contrary, by use of the term "f. o. b." it expressly relieved the buyer from any obligation to furnish lug boxes under said contemporaneous oral agreement. In other words, appellant contends that in the face of the written contract to deliver grapes f. o. b. a specified shipping point, plaintiff was not entitled to prove an oral agreement or custom in conflict therewith, to wit: an oral agreement imposing upon appellant the duty assumed by plaintiff under the term f. o. b. of boxing the grapes.

Said term, as defined by various cases (*Whitaker* v. *Dunlap Morgan Co.,* 44 Cal. App. 140, 144 [186 Pac. 181]; *Acton Rock Co.* v. *Lone Pine Co.,* 44 Cal. App. 597, 601 [186 Pac. 809]; 22 Cal. Jur. 938), implies no obligation on the part of a seller to furnish lug boxes prior to hauling, loading, or transportation to a shipping point of a commodity of this character, when interpreted in accordance with the prevailing custom in the place where the transaction took place. The furnishing of the lug boxes was a preliminary act to be performed prior to assumption of the transportation obligations within the common import of said term; that is, the furnishing of boxes was a matter, not

contemplated by use of the term, concerning which the contract was silent, and as to which evidence of a collateral, contemporaneous oral agreement conforming to custom was properly received. This is the only practical construction of the contract and appellant must have so understood it for he did, in fact and without objection, furnish upon seventeen different dates, covering a large portion of the contract period, boxes in sufficient numbers to care for at least half of the grapes contracted for. Under such circumstances, it cannot be denied that he understood and concurred in the agreement here contended for by plaintiff.

Judgment affirmed.

Curtis, J., and Tyler, J., *pro tem.*, concurred.