[Civ. No. 6938. Second Appellate District, Division One.—November 2, 1931.]

ROBERT T. LINNEY, Respondent, v. ROBERT H. CHALLACOMBE, Appellant.

Carl E. Cameron for Appellant.

Schweitzer & Hutton and H. F. Clary for Respondent.

BISHOP, J., *pro tem.*—Plaintiff recovered judgment for $750, based on the finding that he had rendered services, as an attorney, at the defendant's special instance and request. The defendant's sole contention, but variously expressed, on this his appeal, is that this finding is not supported by the evidence. With this contention we do not agree.

First of all, defendant insists that the agreement between himself and plaintiff was embodied in several writings, that these express the entire contract, by virtue of the provisions of section 1625 of the Civil Code and section 1856 of the

Code of Civil Procedure, and that he has fully discharged his obligations to plaintiff as measured by these contracts. So far as his debt was measured by the writings, the evidence shows that defendant has paid plaintiff in full. The writings, however, do not evidence the complete contract. Plaintiff's first agreement with the defendant was an oral one. By it he agreed to serve defendant as his general advisory counsel in a maze of difficulties in which defendant found himself with previous counsel and with his business associates. Litigation threatened, and it was. definitely agreed that the brunt of active court work should be borne by associate counsel, to be employed. Besides whatever fees the associate counsel would divide with him, plaintiff was to be paid by defendant whatever was reasonable. The threatened litigation befell, and Mr. Elliott, first, then Schweitzer and Hutton, were employed as special counsel. From two to three letters were written by each of these special counsel, in which reference was made to legal services to be rendered with respect to certain named actions, pending or to be brought (together with one matter not in litigation), and certain fees fixed for the services so definitely related. Plaintiff joined in these letters, and as to him as well as the associate counsel, defendant's liability touching the legal services covered by the letters is measured by the letters; and is fully dischargd. But the letters neither purport to nor do they cover all the matters with respect to which plaintiff agreed to render legal services and in which the evidence shows he did render service to defendant. The situation presented is one where a term of an oral contract may be looked to as expressing an agreement of the parties, even though there be a writing, because the writing either does not incorporate all the terms of the oral contract (*Buckner* v. *Leon & Co.*, (1928) 204 Cal. 225 [267 Pac. 693]), or does not purport to supersede it as to those matters on which the writing is silent. (*Whittier* v. *Home Sav. Bank*, (1911) 161 Cal. 311 [119 Pac. 92]; *Greathouse* v. *Daleno*, (1922) 57 Cal. App. 187 [206 Pac. 1019].) The letters are entirely consistent with the oral contract and are not varied in any way by it, so far, at least, as that contract employs plaintiff for general legal services, and promises him a reasonable fee for those services.

■ Defendant claims that no services were rendered which were not so connected with the court cases made the subject of the letters, that the fees fixed by the letters are all-inclusive. The evidence warranted the trial court in concluding otherwise. In any event, defendant further urges, there were no services, outside those covered by the letters, rendered after July 23, 1927, and plaintiff was fully paid for all services furnished up to that date. Here again, we find ourselves bound by the conclusions which the evidence warranted the trial court in making. The argument that plaintiff had been paid in full to July 23d is predicated on a receipt given by him that day which so recites. But the receipt bears the heading *"Bishop* v. *Challacombe"*, the title of two of the cases in which plaintiff had been active with associate counsel Elliott. On the same date Elliott gave a receipt in more general terms. Also, at this time Schweitzer and Hutton took the place of associate counsel Elliott. These facts justify the inference that the receipt covered plaintiff's fees for the special services rendered in association with Elliott, not for his services rendered under his general employment. But if this inference were not drawn, there remains evidence of services rendered after July 23d, and outside the matters covered by Schweitzer and Hutton's contract, which would justify a fee of $750. The firm withdrew from defendant's service in April, 1928, and plaintiff continued his services without an associate, during which time there was a settlement of one suit, the dismissal of others, and a final satisfactory settlement of all matters including a substantial payment for defendant's benefit. Defendant and his wife would not execute the final papers until plaintiff had passed on them. The evidence is sufficient to support the finding upon which the judgment rests.

The judgment is affirmed.

Conrey, P. J., and Houser, J., concurred.