[L. A. No. 13204. In Bank.—December 21, 1933.]

MALWINA Z. WEIL, Respondent, v. CALIFORNIA BANK (a Corporation), Appellant.

William B. Himrod, Swanwick, Donnelly & Proudfit, R. W. Proudfit and Donald O. Welton for Appellant.

Leo Freund and George Appell for Respondent.

THE COURT.—This is an appeal from a judgment for the plaintiff in an action for an accounting.

The plaintiff was the owner, as her separate estate, of certain apartment house property in the Pellissier tract in the city of Los Angeles. Her title was subject to a first trust deed in the sum of $40,000 and a second trust deed of $16,100. The second trust deed was in the process of foreclosure. The defendant theretofore had recovered and was the owner of a judgment against the plaintiff's husband in the sum of $5,643.91, the payment of which was being demanded by the defendant at the time said foreclosure proceedings were pending. After negotiations between the parties hereto the plaintiff agreed to convey her equity in the apartment house property to the defendant subject to said deeds of trust. The defendant agreed to satisfy the judgment against Mr. Weil and, as "a part of the consideration" for the plaintiff's deed, to permit the plaintiff to occupy one of the apartments for about three

months thereafter. The entire agreement of the parties is claimed by the defendant to be evidenced by a letter prepared by an officer of the defendant, addressed to the defendant, and signed by the plaintiff and her husband, setting forth certain terms of an offer to the defendant. This offer was accepted by the defendant by written indorsement appended to the letter. Pursuant to this agreement the plaintiff's deed was filed for record by the defendant and said judgment was satisfied of record. Thereafter the defendant disposed of said real property at a profit in the transaction, so the court found, of $4,076.

This action was based upon an alleged oral agreement entered into shortly before the signing of the aforementioned letter and said acceptance, under the terms of which oral agreement the defendant undertook to pay to the plaintiff whatever profit it might realize from the deal after deducting its investment therein.

The defendant objected to the introduction of any evidence of the alleged oral agreement on the ground that the entire agreement of the parties had been incorporated into the writing, and that the same superseded all negotiations or stipulations concerning the matter which preceded or accompanied the executing of the writing.

The plaintiff contended that the writing did not purport to be the entire agreement of the parties, in that the same on its face did not express the entire consideration for the execution of the deed or at least that an uncertainty existed therein sufficient to permit proof of further consideration by parol.

The trial court approved the position of the plaintiff, overruled the objection, received evidence of the parol agreement, found in the plaintiff's favor thereon, and entered judgment accordingly. The alleged error of the court in permitting proof of said oral agreement is the principal ground of the appeal.

 The question whether a writing is upon its' face a complete expression of the agreement of the parties is one of law for the court. (*Thoroman* v. *David,* 199 Cal. 386 [249 Pac. 513]; *Harrison* v. *McCormick,* 89 Cal. 327 [26 Pac. 830, 23 Am. St. Rep. 469].) The trial court interpreted the writing as not constituting the entire agreement of the parties by reason of the stipulation that cer-

tain expressed consideration was only "a part of the consideration" for the deed. While the question is a close one, we are not prepared to say that the court's interpretation was not reasonably justified. At least the use of the language in the contract may be said to be uncertain as to what constituted the entire consideration. This uncertainty is to be resolved and the language is to be construed most strongly against the defendant, whose officer prepared the agreement and caused the uncertainty to exist. (*Payne* v. *Neuval*, 155 Cal. 46 [99 Pac. 476]; 13 C. J., p. 5451; sec. 1654, Civ. Code.) It is unnecessary, therefore, to discuss the argument of counsel on the question as to whether the case falls within the exception to the general rule, which exception authorizes, under certain circumstances, the proof by parol of consideration for an agreement. This case is governed by the rule that when the agreement does not express the entire agreement of the parties, and proof by parol of the additional consideration does not in any way defeat the legal operation of the agreement, such proof is admissible. (See *Hendrick* v. *Crowley*, 31 Cal. 472; *Arnold* v. *Arnold*, 137 Cal. 291 [70 Pac. 23].)

The evidence bearing upon the existence of the parol agreement was sharply conflicting. There is ample in the record to support the finding of the trial court that the agreement was made as alleged and that the terms thereof were as found by the court.

The defendant also urges that the court erred in admitting evidence of certain witnesses as to the value of the real property, asserting in that behalf that said witnesses did not show the qualifications necessary to enable them to testify as experts. Their testimony on direct examination was sufficient, *prima facie,* to qualify them and the defendant did not seek on cross-examination, immediately, to test their qualifications. The objections urged go rather to the weight than to the admissibility of the evidence. It cannot be said that the court abused its discretion in admitting it. Other points presented by the defendants do not require discussion.

The judgment is affirmed.

Rehearing denied.

Curtis, J., dissented.