[Civ. No. 1695.   Fourth Appellate District.—January 12, 1938.]

O. H. KOHL, Respondent, v. LYTLE CREEK WATER AND
   IMPROVEMENT COMPANY (a Corporation) et al.,
   Defendants; RAYMOND CARROLL et al., Appellants.

Allard & White, M. A'. Allard, Jr., and Duckworth & Harrison for Appellants.

Curtis & Guthrie and Swing & Swing for Respondents.

MARKS, J.—Plaintiff brought this action against Raymond Carroll and Alice C. Carroll to quiet title to thirty shares of the capital stock of the Lytle Creek Water and Improvement Company and to compel that corporation to transfer the stock on its books and issue a new certificate to him. Plaintiff had judgment and Mr. and Mrs. Carroll have appealed. We will hereafter refer to Mr. and Mrs. Carroll as the defendants and to the corporate defendant as the water company.

In 1922 plaintiff and Walter Kohl sold property to Raymond Carroll. Two notes in the principal sum of $20,000 each, one payable to O. H. Kohl and the other to Walter Kohl, were executed by defendants. They were secured by a mortgage on fifty acres of the real property and a pledge of fifty shares of the capital stock of the water company which furnished irrigating water to the land. The Walter Kohl note was paid and ten acres of the land together with twenty shares of the water stock were released from the lien of the mortgage and the pledge, leaving thirty shares of the water stock in the possession of plaintiff as a pledge as additional security for the unpaid note. The certificates were issued in the name of Raymond Carroll and were not indorsed by him.

As the note to plaintiff was not paid he brought suit to foreclose the mortgage and the pledge. After negotiations between the parties, they effected, as they believed, a settlement of their differences. Plaintiff paid defendants $3,500. He also released his mortgage and dismissed his action to foreclose the mortgage and his pledge. Defendants gave plaintiff a deed to the remaining forty acres of the mortgaged property and a bill of sale to ten shares of stock of the water company, 1200 smudge pots, 9,000 gallons of fuel oil, two fuel oil storage tanks and six smudge pot lighters. The ten shares of water stock were part of the twenty shares released to defendants and were no part of the thirty shares in controversy here. Those thirty shares remained in the posses-

sion of plaintiff as he believed they bore the endorsement of Carroll.

Several months after the settlement had been concluded, plaintiff took the certificates to the office of the water company to have new certificates issued to him. It was then discovered that they did not bear Carroll's indorsement. The water company refused to make the transfer, Carroll refused to indorse the certificates and this action followed.

During the trial plaintiff was permitted to prove a parol agreement between the parties to the effect that the pledged water stock was to go to and remain the property of plaintiff as a part of this settlement. The strong preponderance of the evidence supports the findings of the trial judge that such parol agreement was made. Defendants maintain that their objections to the admission of this evidence should have been sustained as it tended to vary the terms of a written contract.

The practical construction placed upon the contract by the parties also supports the view that plaintiff became the owner of the thirty shares of stock. He retained possession of the certificates and defendants did not demand their return. By reason of these certificates, plaintiff obtained and used water to irrigate the land deeded to him by defendants. He paid the assessments on the stock. ■ Under some circumstances the practical construction placed on a contract by the parties to it furnishes strong evidence of what they intended by its terms. (*Skousen* v. *Herz*, 135 Cal. App. 116 [26 Pac. (2d) 498].)

It is clear that if the evidence of the parol agreement was properly admitted the judgment must be affirmed. If error was committed in these rulings it must be reversed as there is no other competent evidence to support the findings and judgment.

■ It is a well-settled general rule that the terms of a written contract may not be varied by parol evidence. It is equally well settled that where a writing expresses a consideration which is not the true consideration, the actual consideration may be proved by parol evidence. It is also well settled that where the writing does not purport to include all of the terms of a parol contract, the writing is no bar to proof of the terms of the contract which were not covered by the writing.

A similar question was before the court in the case of *Weil* v. *California Bank,* 219 Cal. 538 [27 Pac. (2d) 904], where it was said:

"This action was based upon an alleged oral agreement entered into shortly before the signing of the aforementioned letter and said acceptance, under the terms of which oral agreement the defendant undertook to pay to the plaintiff whatever profit it might realize from the deal after deducting its investment therein. . . .

"The trial court approved the position of the plaintiff, overruled the objection, received evidence of the parol agreement, found in the plaintiff's favor thereon, and entered judgment accordingly. The alleged error of the court in permitting proof of said oral agreement is the principal ground of the appeal.

"The question whether a writing is upon its face a complete expression of the agreement of the parties is one of law for the court. (*Thoroman* v. *David,* 199 Cal. 386 [249 Pac. 513]; *Harrison* v. *McCormick,* 89 Cal. 327 [26 Pac. 830, 23 Am. St. Rep. 469].) The trial court interpreted the writing as not constituting the entire agreement of the parties by reason of the stipulation that certain expressed consideration was only 'a part of the consideration' for the deed. While the question is a close one, we are not prepared to say that the court's interpretation was not reasonably justified. At least the use of the language in the contract may be said to be uncertain as to what constituted the entire consideration. This uncertainty is to be resolved and the language is to be construed most strongly against the defendant, whose officer prepared the agreement and caused the uncertainty to exist. (*Payne* v. *Neuval,* 155 Cal. 46 [99 Pac. 476]; 13 C. J., p. 5451, sec. 1654, Civ. Code.) It is unnecessary, therefore, to discuss the argument of counsel on the question as to whether the case falls within the exception to the general rule, which exception authorizes, under certain circumstances, the proof by parol of consideration for an agreement. This case is governed by the rule that when the agreement does not express the entire agreement of the parties, and proof by parol of the additional consideration does not in any way defeat the legal operation of the agreement, such proof is admissible. (See *Hendrick* v. *Crowley,* 31 Cal. 471, 472; *Arnold* v. *Arnold,* 137 Cal. 291 [70 Pac. 23].)''

Of similar import is *Linney* v. *Challacombe*, 118 Cal. App. 95 [4 Pac. (2d) 789], where it was said:

"The situation presented is one where a term of an oral contract may be looked to as expressing an agreement of the parties, even though there be a writing, because the writing either does not incorporate all the terms of the oral contract (*Buckner* v. *Leon & Co.*, [1928] 204 Cal. 225 [267 Pac. 693]), or does not purport to supersede it as to those matters on which the writing is silent. (*Whittier* v. *Home Sav. Bank*, [1911] 161 Cal. 311 [119 Pac. 92]; *Greathouse* v. *Daleno*, [1922] 57 Cal. App. 187 [206 Pac. 1019].)"

The writings relied upon by defendants, as constituting the written contract, are: (1) a letter from defendants' counsel to a title company; (2) a letter from plaintiff's counsel to the same company; (3) the deed of defendants to plaintiff; (4) the bill of sale of defendants to plaintiff. It appears from the letter of plaintiff's attorney that there was an original order opening an escrow with the title company. No such order appears in the record.

The letter from defendants' attorney to the title company bears date of December 29, 1935, and is as follows:

"Mr. Guthrie of your city was to open with you an escrow covering a deal between his client O. H. Kohl and our clients Raymond Carroll and Alice Carroll. We hand you herewith the following documents for deposit in that escrow; grant deed, bill of sale, two statements of identity, certificate for ten shares of stock in the Lytle Creek Water and Improvement Company together with an assignment thereof.

"You are authorized to use said documents when there is on deposit in said escrow for delivery to our clients at the close thereof the sum of $3,500.00 and a release of all claim under a certain mortgage referred to in the deed enclosed herewith.

"You will also find enclosed certain papers in connection with the Raymond Carroll bankruptcy which you are to use for the purpose of clearing the title to the deeded property and effecting the purpose of the escrow. Such papers are not to be used until after the money has been actually deposited with you.

"If you desire further information in connection with this matter or desire additional instructions from our clients

please call upon us. All expenses of the escrow are to be borne by Mr. Guthrie's client.''

The letter from plaintiff's counsel to the title company is dated January 20, 1936, and is as follows:

''Referring to your order No. 125008:

''This is in shape to be closed. Pay Raymond Carroll, or order, $3,500.00. Deliver deed covering land described in your preliminary report dated January 7, together with Bill of Sale which you have in your file, and certificate for ten shares of Lytle Creek Water and Improvement Company. Issue Policy of Title Insurance for $15,000.00, subject to Notes numbered 1, 2, 3, 4, 5, 6, and 7, in your report of January 7.

''Bill O. H. Kohl for title escrow and recording fees.''

The bill of sale is in the usual form and recites a consideration of $3,000. The deed recites a consideration of $500 and is in the usual form of a grant deed with the addition of the following:

'' (This deed is an absolute conveyance, the grantors having sold land to the grantee for a fair and adequate consideration, such consideration, in addition to that above recited, being full satisfaction of all obligations secured by the mortgage executed by grantors to grantee as mortgagee, recorded in Book 389 of Mortgages, Page 350, Records of said County, and re-recorded in Book 293, page 205, Official Records of said County.

''Grantors declare that this conveyance is freely and fairly made, and that there are no agreements, oral or written, other than this deed between grantors and grantee with respect to said land.) ''

We find nothing in these writings which purports to set out all of the terms of a contract between the parties. On the other hand the writings would seem to indicate they were executed to carry out the terms of a contract not fully disclosed by the writings. Without some explanation, the terms of the contract could hardly be ascertained from the writings. Where writings leave the terms of a written contract uncertain or ambiguous parol evidence is admissible to remove the uncertainty or ambiguity. (10 Cal. Jur. 938 et seq., and cases cited.)

Having reached the conclusion that the challenged evidence was properly admitted and that this evidence supports the

findings to the effect that the thirty shares of water stock were sold and delivered to plaintiff and paid for by him the judgment must be affirmed. ■ Personal property may be sold by a parol contract where there is payment and delivery. In this instance payment was made and there was sufficient delivery as the vendee was in possession of the stock at the time of the sale to him. (*Wilson* v. *Hotchkiss,* 171 Cal. 617 [154 Pac. 1, Ann. Cas. 1917B, 570, L. R. A. 1916F, 389].)

The judgment is affirmed.

Barnard, P. J., and Jennings, J., concurred.