[Civ. No. 15364.   First Dist., Div. Two.   Mar. 27, 1953.]

FRANK E. CHAMBERLAIN, Respondent, v. JOHN A. GUGLIELMETTI, Appellant.

Rea, Jacka & Frasse, Irvin A. Frasse and L. G. Hitchcock for Appellant.

Rankin, Oneal, Luckhardt, Center & Hall for Respondent.

NOURSE, P. J.—Plaintiff sued for the balance due upon a written contract for the construction of an auto laundry. Defendant filed a cross-complaint alleging minor defects and omissions in performance under the contract. At the outset

of the trial the parties stipulated as to the contract, the amount due for work performed under it, and the amount due for extra work performed by plaintiff. The parties then agreed that the issues to be tried were those raised in the cross-complaint.

It was developed that defendant had previously executed a similar contract with two corporations which had done the groundwork, laid the foundation, and "poured" the walls. These, with a considerable amount of materials, were left on the premises when the two corporations failed and abandoned the contract. When the parties hereto were negotiating the contract in suit, several discussions were had regarding these abandoned materials and the effect their use might have on the finished building, but they were used by agreement of the parties in order to get the building completed as early as possible and to save expense.

Because of the stipulation of the parties the only issues tried were whether material defects occurred and, if so, how much should be deducted from the contract. There was no issue as to compliance with building regulations—state, county or city—hence that question is not before us.

On the issue of deviation from the contract or defects in construction, evidence was taken from both expert and lay witnesses. There was very little controversy—chiefly differences of opinion of some of the witnesses—but there was sufficient evidence to disclose that in most instances the difficulties in construction arose from the use of the old materials left by the former contractors, some of which had become warped or otherwise defective from being left lying on the ground by those contractors. In addition to this conflicting testimony the trial judge, under stipulation of the parties, made a personal inspection of the premises.

In his closing brief appellant raises for the first time the question of the admission of parol evidence showing an agreement to permit minor variations in the contract relating to the use of some of the old materials which had been left on the premises. ▉ The raising of a new ground for the first time in appellant's closing brief is not proper appellate practice and ordinarily a point so raised may be disregarded. However the answer here is simple. ▉ The written agreement merely authorized the plaintiff "to use the material now on the premises." Some of it was admittedly defective because of exposure to the elements. Nothing was said in the

contract as to substitution of other material or variations in the contract in the event that any of such material was found unusable. The oral conversations were offered to cover those contingencies. Such evidence is admissible where the writing is silent on the matter to which the evidence is addressed. *Buckner* v. *A. Leon & Co.*, 204 Cal. 225, 227 [267 P. 693]; *Kohl* v. *Lytle Creek Water & Imp. Co.*, 24 Cal.App.2d 353, 357 [75 P.2d 71].

On the evidence before it the trial court made certain minor deductions from the contract price, gave judgment for plaintiff for the balance, and denied defendant recovery on his cross-complaint. The appeal presents nothing but a conflict in the evidence with sufficient evidence to support the findings.

Judgment affirmed.

Goodell, J., and Dooling, J., concurred.

A petition for a rehearing was denied April 25, 1953, and appellant's petition for a hearing by the Supreme Court was denied May 21, 1953.