This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

**v.**                                                    **No. 32,384**

**EMERY TAPAHE,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SAN JUAN COUNTY**
**Karen L. Townsend, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Frechette & Associates, P.C.
Todd Hotchkiss
Albuquerque, NM

for Appellant

**MEMORANDUM OPINION**

**SUTIN, Judge.**

After trial de novo in district court, Defendant was convicted of driving under the influence of intoxicating liquor (DWI) and operating a vehicle without headlamps. [RP 152]   We note that the judgment states that Defendant was convicted of non-aggravated DWI, 1st Offense:   "(Non-Agg. - 1st Offense)[.]"   [RP 152]   At trial, however, the district court found Defendant guilty of aggravated DWI (refusal) [RP 149 (12:35:18 PM to 12:35:32 PM)], and in his docketing statement Defendant appeals his conviction for aggravated DWI, arguing it is unsupported by substantial evidence.   [DS 1, 8]   In this Opinion, we address the merits of Defendant's issue as stated in the docketing statement.

**DISCUSSION**

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion[.]"  *State v. Salgado*, 1999-NMSC-008, ¶ 25, 126 N.M. 691, 974 P.2d 661 (internal quotation marks and citation omitted).  "In reviewing the sufficiency of the evidence, we must view the evidence in the light most favorable to the guilty verdict, indulging all reasonable inferences and resolving all conflicts in the evidence in favor of the verdict."  *State v. Cunningham*, 2000-NMSC-009, ¶ 26, 128 N.M. 711, 998 P.2d 176.

In order to convict Defendant of aggravated DWI, the district court, as fact finder, was required to find the following elements beyond a reasonable doubt:

(1) Defendant operated a motor vehicle; (2) at the time Defendant was under the influence of intoxicating liquor; that is, as a result of drinking liquor Defendant was less able to the slightest degree, either mentally or physically, or both, to exercise the clear judgment and steady hand necessary to handle a vehicle with safety to the person and the public; (3) Defendant refused to submit to chemical testing; and (4) this happened in New Mexico on or about September 12, 2010. *See, e.g.*, UJI 14-4509 NMRA (essential elements of aggravated DWI); *State v. Cotton*, 2011-NMCA-096, ¶ 7, 150 N.M. 583, 263 P.3d 925. [RP 59-67; DS 1-2 (9/9/10)]

In his memorandum in opposition to our proposed summary disposition, Defendant contends that this Court inappropriately considered that the officer's statements on cross-examination relate to the weight and credibility of his testimony, rather than that the officer's statements undermined the substantial evidence to support Defendant's conviction. [MIO 2] As such, Defendant argues that the district court "engaged in surmise and conjecture for substantial evidence of [Defendant's] guilt for being unable to handle a vehicle with safety to him and the public after consuming alcohol." [MIO 6] Defendant recognizes, however, that, at the bench trial, the district court relied on the certain testimony to determine that Defendant was impaired by alcohol while driving a motor vehicle on the night in question and therefore guilty of aggravated DWI. The testimony relied on was that Defendant drove at night without

3

headlights; he did not respond timely to the officer's emergency lights; had an odor of alcohol; he admitted to drinking; had bloodshot and watery eyes, and slurred speech; performed inadequately on the field sobriety tests (FSTs); and he refused to take the breath test. [MIO 11] We further note that Defendant does not dispute the accuracy of the summary of the evidence that this Court relied upon in the calendar notice. [Ct. App. File, MIO] We remain persuaded that the evidence supports Defendant's conviction for aggravated DWI.

The State presented the testimony of the arresting and investigating officer, as well as a recording of the stop, the FSTs, and arrest. [RP 131] At about 12:30 a.m. on or about September 12, 2010, the officer was on traffic patrol when he observed a vehicle driving toward him with no headlamps on. [RP 66, 132 (10:15:19 AM to 10:17:14 AM)] The officer made a u-turn and engaged his emergency lights; Defendant pulled his vehicle into a parking lot, bumping into the concrete barrier. [RP 132 (10:17:43 AM to 10:18:48 AM)] Upon contact with Defendant, the driver, the officer observed that Defendant had bloodshot, watery eyes, and he smelled of alcohol and had slurred speech. [RP 132 (10:19:34 AM)] The officer also noted that Defendant was unsteady on his feet when he exited the vehicle. [RP 132 (10:19:09 AM to 10:19:25 AM)] The officer testified that Defendant performed poorly on the FSTs. [RP 133-35 (10:20:23 AM, 10:21:26 AM to 10:32:32 AM); *see also* RP 62-65]

4

Defendant admitted that he had been drinking. [DS 3] After being read the New Mexico advisory consent statement, Defendant refused to take a breath alcohol test. [RP 135 (10:40:16 AM to 10:41:06 AM)]

On cross-examination, the officer admitted that he saw no violations other than that Defendant was driving without headlights, that the odor of alcohol and bloodshot, watery eyes do not provide an alcohol or impairment level, that the parking lot had a slight grade with regard to Defendant's performance on the FSTs, and that Defendant told the officer that he had an ankle injury. [DS 3-5] Defendant asserts that the recording did not show that Defendant was swaying; the officer did not address the issue of Defendant's ankle; and the officer did not properly instruct Defendant on the walk-and-turn test (WAT) or on the one-leg-stand test (OLS). [DS 4-5] The officer testified, however, that he gave Defendant the option of not standing on the foot with the bad ankle for the OLS [RP 141 (11:19:57 AM)] and that he adequately instructed Defendant on the WAT and OLS. [RP 140 (11:16:17 AM to 11:18:59 AM)]

We remain persuaded that the officer's statements on cross-examination go to the weight and credibility of his direct testimony, a matter for the fact-finder—here, the district court judge—to determine. *See State v. Salas*, 1999-NMCA-099, ¶ 13, 127 N.M. 686, 986 P.2d 482 (recognizing that it is for the fact-finder to resolve any conflict in the testimony of the witnesses and to determine where the weight and

credibility lay). As such, the reviewing court "does not weigh the evidence or substitute its judgment for that of the fact finder as long as there is sufficient evidence to support the verdict." *State v. Mora*, 1997-NMSC-060, ¶ 27, 124 N.M. 346, 950 P.2d 789, *overruled on other grounds by Kersey v. Hatch*, 2010-NMSC-020, 148 N.M. 381, 237 P.3d 683. Finally, it is well established that "[c]ontrary evidence supporting acquittal does not provide a basis for reversal because the [fact finder] is free to reject Defendant's version of the facts." *State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829.

**CONCLUSION**

We affirm Defendant's conviction for aggravated DWI.

**IT IS SO ORDERED.**


_____
**JONATHAN B. SUTIN, Judge**

**WE CONCUR:**


_____
**CELIA FOY CASTILLO, Chief Judge**


_____

6

**CYNTHIA A. FRY, Judge**